364 F.2d 146
 Eugene WEBB, Jr., Marguerite Webb, Richards Matthews, Jr., Robert Rufi and Eugene C. Jones, Appellants,
v.
BEVERLY HILLS FEDERAL SAVINGS & LOAN ASSOCIATION, Federal Home Loan Bank Board, Lytton Financial Corporation, Bart Lytton, Beth Lytton, Thomas W. Clarke, Dr. Samuel J. Sills, Glenn Wilson and H. P. Braman, Appellees.
 No. 20195.
 United States Court of Appeals Ninth Circuit.
 July 28, 1966.
 
 John P. Pollock, Max F. Deutz, Los Angeles, Cal., for appellants.
 Joseph Ball, of Ball, Hunt & Hart, Long Beach, Cal., for appellee Beverly Hills Federal Savings.
 Rodney K. Potter, of O'Melveny & Myers, Los Angeles, Cal., for appellee Lytton Financial Corp.
 Richard P. Byrne, Los Angeles, Cal., MacCracken, Collins & Hawes, Philip R. Collins, Washington, D. C., for appellee Federal Home Loan Bank Board.
 Before BARNES, JERTBERG and ELY, Circuit Judges.
 JERTBERG, Circuit Judge:
 
 
 1
 Appellants, defendants in the District Court, appeal from a judgment of dismissal, dismissing with prejudice the action as to certain specifically named appellees who were also defendants in the District Court.
 
 
 2
 The entry of the judgment of dismissal followed the consummation of the provisions of a stipulation for settlement entered into by and between all parties to the action except the appellants.
 
 
 3
 On February 20, 1962, appellee, plaintiff in the District Court, Beverly Hills Federal Savings & Loan Association, hereinafter "BEVERLY HILLS", filed its complaint in the District Court for declaratory judgment and injunction naming as defendant, appellee, Federal Home Loan Bank Board, hereinafter "BANK BOARD." In essence the complaint alleges that at a meeting of the members of BEVERLY HILLS duly held on January 17, 1962, appellees, Bart Lytton, Beth Lytton, Harold P. Braman, Samuel J. Sills, and Glenn Wilson were duly and regularly elected as directors of BEVERLY HILLS, and that such fact is challenged by BANK BOARD which asserts that said directors were not, in fact, legally elected. The complaint sought a declaratory judgment, declaring said Board of Directors to be the duly elected, qualified and acting directors, and that BANK BOARD be enjoined from further actions or proceedings against BEVERLY HILLS during the pendency of the action.
 
 
 4
 On April 9, 1962, BANK BOARD filed its motion to dismiss the action on the grounds there was an absence of indispensable parties, or in the alternative an absence of necessary interested parties, or in the alternative the action would not terminate the controversy, or in the alternative for failure to properly exercise election provided in 12 U.S.C. § 1464(d) (1), and on the same day filed notice of the pendency of other actions or proceedings.
 
 
 5
 The District Court denied the motion to dismiss the action and granted the motion of BEVERLY HILLS for leave to file an amended and supplemental complaint and to add all interested parties.
 
 
 6
 On April 23, 1962, BEVERLY HILLS filed its amended and supplemental complaint for declaratory judgment, injunction and other relief, adding as defendants, appellants, Eugene Webb, Jr., Marguerite R. Webb, Richards Matthews, Jr., Robert C. Rufi, and Eugene C. Jones, hereinafter referred to as the "WEBB GROUP", and who formerly constituted the officers and board of directors of BEVERLY HILLS, and appellees, Lytton Financial Corporation, a corporation, Bart Lytton, Beth Lytton, Thomas W. Clarke, Samuel J. Sills, H. P. Braman, and Glenn Wilson, hereinafter referred to as the "LYTTON GROUP".
 
 
 7
 The amended complaint incorporated resolutions of BANK BOARD, dated January 26, 1962, and March 30, 1962, charging, inter alia, in essence that contracts of March 1961, between the WEBB GROUP and the LYTTON GROUP, and transactions arising therefrom, under which the WEBB GROUP transferred to the LYTTON GROUP the control of BEVERLY HILLS, and sold to the LYTTON GROUP the capital stock of Southland Company, an escrow and insurance company organized to handle escrows and insurance for BEVERLY HILLS and other customers, and other transactions relating thereto or in connection therewith, were in violation of law and the rules and regulations of BANK BOARD; that the election of members of LYTTON GROUP as members of the Board of Directors of BEVERLY HILLS was illegal; that in connection with said transactions the WEBB GROUP violated their fiduciary duty to the members of BEVERLY HILLS and improperly profited from the transactions; and that the LYTTON GROUP were at fault in participating in said transactions.
 
 
 8
 The amended complaint further alleges the existence of a controversy between BEVERLY HILLS and BANK BOARD with respect to the charges set forth in said resolutions, it being the position of BEVERLY HILLS that the transaction and the change of management was lawful in all respects, and the position of BANK BOARD being that the charges stated in the resolutions constituted violations of law and required correction.
 
 
 9
 As further allegations it is alleged in the complaint that the WEBB GROUP and the LYTTON GROUP are parties to the controversy and that they contend the transactions and the changes in management of BEVERLY HILLS were in all respects lawful, whereas, it is the position of BANK BOARD that they violated the law, and the rules and regulations of BANK BOARD; that the members of said GROUPS should be given an opportunity to protect their respective interests; that they are joined as parties defendant subject to the authority of the court to treat them as plaintiffs or defendants as may appear to become appropriate.
 
 
 10
 The amended complaint prays that the court adjudicate and declare the rights, obligations and status of BEVERLY HILLS and each of the members of the WEBB GROUP and of the LYTTON GROUP with respect to the controversies alleged, and order the performance of any and all obligations found to exist on the part of any such parties, and that BANK BOARD be enjoined from proceeding further with the hearing of charges set forth in the resolutions above mentioned.
 
 
 11
 BANK BOARD filed an answer, counterclaim and cross-claims to the amended and supplemental complaint of BEVERLY HILLS. The answer admits the existence of a real controversy between BEVERLY HILLS and BANK BOARD with respect to the matters set forth in said resolutions, and also in respect to the same resolutions between BANK BOARD and the individuals constituting the LYTTON and WEBB GROUPS. It also alleges, in detail, activities of the individual defendants in connection with the transfer of control of BEVERLY HILLS from the WEBB GROUP to the LYTTON GROUP, condemning such actions as unlawful, and contrary to the rules and regulations of the BOARD, and that the WEBB GROUP violated their fiduciary duty to the shareholders of BEVERLY HILLS in connection with their activities relating to the transfer of the control of BEVERLY HILLS from the WEBB GROUP to the LYTTON GROUP.
 
 
 12
 The counterclaim set forth in BANK BOARD's answer is against BEVERLY HILLS and relates to the claims of Bernard and Sylvia Reich, formerly shareholders of BEVERLY HILLS.
 
 
 13
 The answer of BANK BOARD contains fourteen separately stated cross-claims. Of these, seven name a separate member of the WEBB GROUP and seven name a separate member of the LYTTON GROUP. In its cross-claims BANK BOARD prayed that all of the individual party defendants be barred from participation in the management of BEVERLY HILLS, for compensatory damages in favor of BEVERLY HILLS against them, and for general and punitive damages against the WEBB GROUP on account of the sums received by each of them.
 
 
 14
 In their answer to the amended and supplemental complaint the WEBB GROUP alleged that the charges of BANK BOARD, set forth in the resolutions incorporated in the amended complaint, were without foundation; that the transactions therein mentioned were in accordance with law and the rules and regulations of BANK BOARD. The answer prayed that the court adjudicate and declare the rights, duties and status of the WEBB GROUP as they relate to matters asserted by BEVERLY HILLS, and as asserted by BANK BOARD. No cross-claim was asserted against the LYTTON GROUP.
 
 
 15
 The answer of the LYTTON GROUP is in similar vein.
 
 
 16
 Answers were filed to the cross-claims asserted by BANK BOARD.
 
 
 17
 In January, 1965, BEVERLY HILLS and BANK BOARD agreed to a settlement with the LYTTON GROUP of all claims against the LYTTON GROUP. The settlement was in the form of a stipulation filed and entered on January 14, 1965, and a covenant not to sue. The stipulation provided that the court shall be requested to enter a judgment of dismissal as to the LYTTON GROUP, only, and that the settlement would not affect the rights or obligations of any other parties.
 
 
 18
 The stipulation was presented to the District Court which decreed that the action
 
 
 19
 "[B]e and the same hereby is dismissed with prejudice as to each of said defendants Lytton Financial Corporation, Bart Lytton, Beth Lytton, Thomas W. Clarke, Samuel J. Sills, H. P. Braman and Glenn Wilson and said defendants only.
 
 
 20
 "Further it is not the intent nor purpose of this judgment to alter or change the rights or obligations of any of the parties remaining in said litigation with respect to any other party remaining in said litigation, and this judgment does not change such rights or obligations."
 
 
 21
 It is from this judgment that the WEBB GROUP appeal.
 
 
 22
 On November 6, 1965, BEVERLY HILLS and BANK BOARD filed a motion before this court to dismiss the appeal. The motion was made on the ground that WEBB GROUP have no appealable interest in the judgment dismissing the LYTTON GROUP from the action. The motion was heard on November 22, 1965, and ruling was reserved for consideration by the court at the time of submission for decision of the main appeal. The submission of the cause for decision was made on June 9, 1966, following hearing of oral argument.
 
 
 23
 We have reached the conclusion that the motion of appellees to dismiss the appeal must be granted on the ground that the appellants have no appealable interest in the judgment dismissing the LYTTON GROUP from the action.
 
 
 24
 The only parties who sought relief against the LYTTON GROUP are co-appellees BEVERLY HILLS and BANK BOARD. The WEBB GROUP filed no cross-claim of any kind or character against the LYTTON GROUP. All of the controversies existing between co-appellees and the LYTTON GROUP were composed, and all claims of the co-appellees against the LYTTON GROUP were compromised and settled. The judgment of dismissal of the action as to the LYTTON GROUP preserves all of the rights and obligations of BEVERLY HILLS and BANK BOARD and appellants inter se. We are unable to see how, or in what manner, appellants have in any way been illegally aggrieved by the judgment of dismissal which was entered, or have any appealable interest in the judgment. In re Michigan-Ohio Bldg. Corp., 117 F.2d 191 (7th Cir. 1941); Missouri Pac. R. Co. v. Thompson, 134 F.2d 139 (8th Cir. 1943); Mayer v. National Missile & Electronics, Inc., 326 F.2d 401 (9th Cir. 1964); United States v. Adamant Co., 197 F.2d 1 (9th Cir. 1952); Milgram v. Loew's Inc., 192 F.2d 579 (3rd Cir. 1951); In re Western Pacific R. Co., 122 F.2d 807 (9th Cir. 1941). See also Broadway & Ninety-Sixth Street Realty Corp. v. Loew's Inc., 23 F.R.D. 9 (D.C. S.D.N.Y., 1958); and Southern Electric Generating Co. v. Allen Bradley Co., 30 F.R.D. 135 (D.C.S.D.N.Y., 1962).
 
 
 25
 Whether appellants are entitled to a judgment of dismissal because of the judgment of dismissal entered as to the LYTTON GROUP presents a question which is not before us and upon which the District Court has not passed.
 
 
 26
 Appeal dismissed.