406 F.2d 1275
 BEVERLY HILLS FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant,
v.
Eugene WEBB, Jr., Marguerite R. Webb, Richards Matthews, Jr., Robert G. Rufi and Eugene C. Jones, Appellees.
BEVERLY HILLS FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant,
v.
TITLE INSURANCE AND TRUST COMPANY, Appellee.
 No. 21957.
 No. 22404.
 United States Court of Appeals Ninth Circuit.
 January 30, 1969.
 
 Joseph A. Ball (argued), of Ball, Hunt, Hart & Brown, Long Beach, Cal., for appellant.
 John P. Pollack (argued), of Pollock & Palmer, Paul, Hastings, Janofsky & Walker, Richard P. Byrne, Vaughan, Brandlin, Robinson & Roemer, Los Angeles, Cal., MacCracken, Collins & Hawes, Washington, D. C., for appellees.
 Before BARNES and HAMLEY, Circuit Judges, and McNICHOLS, District Judge*.
 HAMLEY, Circuit Judge:
 
 
 1
 These are consolidated appeals from two judgments dismissing the action as to certain defendants for lack of subject matter jurisdiction. Notwithstanding the fact that the action was not dismissed as to all defendants, these judgments are final and appealable because the district court made the determination and direction called for by Rule 54(b), Federal Rules of Civil Procedure.
 
 
 2
 The first judgment under review was entered on April 6, 1967. It dismissed the action as to defendants Eugene Webb, Jr., Marguerite R. Webb, Richards Matthews, Jr., Robert G. Rufi and Eugene C. Jones, hereinafter referred to as "the Webb group." The second judgment was entered on August 14, 1967 and dismissed the action as to defendant Title Insurance and Trust Company (Title Company). The Webb group and the Title Company have filed separate appellees' briefs in this court.
 
 
 3
 These judgments were entered in the course of litigation which has been before this court on two previous occasions. See Reich v. Webb, 9 Cir., 336 F.2d 153, and Webb v. Beverly Hills Federal Savings and Loan Assn., 9 Cir., 364 F.2d 146. It will be here assumed that the reader is familiar with the background facts, as stated in our prior opinions.
 
 
 Dismissal of Action as to Webb Group
 
 
 4
 The most recent factual developments in this controversy, reported in 364 F.2d 146, were (1) the settlement agreement between Beverly Hills Federal Savings and Loan Association (Association) and Federal Home Loan Bank Board (Board), entered into in January, 1965; (2) the entry, shortly thereafter, of a district court stipulated judgment predicated upon the settlement agreement, dismissing the action with prejudice as to certain defendants; and (3) the appeal from that judgment, dismissed in 364 F.2d 146. The defendants so dismissed were Lytton Financial Corporation, Bart Lytton, Beth Lytton, Thomas W. Clarke, Samuel J. Sills, H. P. Braman and Glenn Wilson (Lytton group).
 
 
 5
 On May 10, 1965, the Association filed a second amended and supplemental complaint. In this pleading, the Association sought a judicial declaration that the transfer of control of the Association by the Webb group to Lytton Financial Corporation on March 14, 1961 was illegal, and that the members of the Webb group hold in trust for the Association the $1,800,000 paid to them as consideration for such transfer. The Association further sought joint and several judgments against the members of the Webb group for damages in the amount of $1,800,000.
 
 
 6
 In August, 1965, the Webb group moved to dismiss the second amended and supplemental complaint insofar as it asserted a claim by the Association against the Webb group. The motion was made on the grounds that: (1) the district court did not have jurisdiction of the parties and subject matter, (2) no claim was stated upon which relief may be granted, and (3) the claim sought to be stated is barred by the statute of limitations. A hearing was held and affidavits were submitted and considered. The court granted this motion for lack of subject matter jurisdiction and dismissed the action. This appeal followed.
 
 
 7
 In this court the Association advances several reasons why the district court erred in entering this judgment. One of these is that, under 12 U.S.C. § 1464 (d) (1) (1964), as it then existed,[1] the district court has subject matter jurisdiction to entertain the claim asserted against the Webb group in the second amended and supplemental complaint.
 
 
 8
 Section 1464(d) (1) provided that the Board shall, by formal resolution, state any alleged violation of law or regulation, of which the Board becomes aware, by a federal savings and loan association, and shall give written notice to the affected association of the facts alleged to constitute such violation. It also provided that, where such a notice is given:
 
 
 9
 "* * * either the Board or the association affected may, within thirty days after the service of said notice, apply to the United States district court * * * for a declaratory judgment and an injunction or other relief with respect to such controversy, and said court shall have jurisdiction to adjudicate the same as in other cases and to enforce its orders."
 
 
 10
 On January 26, 1962, and March 30, 1962, the Board gave a section 1464(d) (1) notice to the Association, based upon the transfer of control of the Association by the Webb group to the Lytton group on March 9, 1961, for an alleged consideration of $1,800,000. The Board asserted that this transaction was illegal and that in participating therein the Webb group violated their fiduciary duty to the members of the Association and improperly profited from the transaction. Responsive to this notice the Association, invoking jurisdiction as then conferred by section 1464(d) (1), commenced this district court action against the Board on February 20, 1962. The Association, then controlled by the Lytton group, asserted that the transaction in question was not illegal and asked for a declaratory judgment to that effect.
 
 
 11
 On April 23, 1962, the Association filed a first amended complaint adding the members of the Webb and Lytton groups as parties defendant. The Board answered on July 2, 1962, reasserting its position that the transaction was illegal. In its answer the Board also asserted cross-claims against the members of the Webb and Lytton groups asking, among other things, that (1) the Association, through the then-managing Lytton group, be ordered to correct such alleged violations of law as are found to exist in connection with the transfer of control of the Association to the Lytton group, (2) all individual party defendants be barred from serving in a capacity of trust and responsibility as an officer, director or party otherwise connected with the management and control of the Association for five years, (3) punitive damages be awarded against certain members of the Lytton and Webb groups for willful and deliberate disregard of their fiduciary duties to the Association and willful disregard for the requirements of applicable laws and regulations, (4) defendants Eugene Webb, Jr. and Marguerite R. Webb be deemed to hold in constructive trust, for the benefit of the Association, the sum of $1,620,000 and any other sum which may have been received by them as a consideration for the transfer of control of the Association to the Lytton group, and (5) the Association be awarded general damages in such amount against these two Webb defendants.
 
 
 12
 The pleadings remained in this status until January, 1965. A settlement was then entered into between the Board and the Lytton group. The latter agreed to relinquish management of the Association. The stipulation provided that the court would be requested to enter a judgment of dismissal as to the Lytton group only, and that the settlement would not affect the rights or obligations of any other parties. On January 14, 1965, a stipulated judgment to that effect was thereafter entered. It expressly provided that the judgment does not affect the rights or obligations of the other parties to the action. The Webb group appealed from this judgment but the appeal was dismissed for lack of an appealable interest. See Webb v. Beverly Hills Federal Savings and Loan Association, 9 Cir., 364 F.2d 146.
 
 
 13
 An independent board of directors of the Association was elected following the settlement. It was on the authority of this board of directors that the Association, on May 10, 1965, filed the second amended and supplemental complaint referred to above. As we have indicated, in this pleading the Association sought relief from the Webb group of substantially the same character as the relief which the Board sought against that group in its cross-claim referred to above.
 
 
 14
 This account of the background facts indicates to us that the Board regarded its cross-claim against the Webb group as a part of the section 1464(d) (1) controversy growing out of the described transaction. The decision of this court in Reich v. Webb, 9 Cir., 336 F.2d 153, supports the Board's view. We therein denied Reich, who was a depositor in and a member of the Association, the right to intervene in the litigation on the ground that, under section 1464(d) (1), the Board had power to charge the Webb group with breach of a fiduciary duty, and hence it could provide adequate representation of the interests of all Association depositors and members. In our view, this amounted to a holding, among other things, that under section 1464(d) (1), the district court had subject matter jurisdiction to entertain the Board's cross-claims against the Webb group.
 
 
 15
 If the Board's cross-claims against the Webb group for breach of a fiduciary duty are cognizable as a part of the section 1464(d) (1) controversy, then the district court likewise had subject matter jurisdiction of the Association's like claim against the Webb group, asserted in the second amended and supplemental complaint. This is true because that statute, as then in effect, placed the Board and an affected association on an equal footing insofar as access to the district court is concerned.
 
 
 16
 It follows from what has been said, that neither the Board's nor the Association's claims against the Webb group are pendant or ancillary in nature, but have subject matter standing by direct operation of section 1464(d) (1) as it read when the amended and supplemental complaint was filed. And, this being the case, the termination of another part of the controversy, namely the settlement leading to the dismissal of the Lytton group from the action and the consequent elimination of any real controversy between the Association and the Board, in no way undermined the district court's subject matter jurisdiction over the Board's and Association's claims against the Webb group.
 
 
 17
 We therefore hold that the district court should not have dismissed, on jurisdictional grounds, the Association's claim against the Webb group, as alleged in the second amended and supplemental complaint.
 
 
 Dismissal of Action as to Title Company
 
 
 18
 In May, 1958, Eugene Webb, Jr. and Marguerite R. Webb, his wife, created a trust for their two children, naming themselves and the Title Company as trustees. After forming the trust, Mr. and Mrs. Webb transferred their stock in the Southland Company to that trust. The Southland Company carried on escrow and other business in close relationship with the Association.
 
 
 19
 The Title Company first became a party to this action when it was named in the Association's second amended and supplemental complaint. The Association did not allege that the Title Company had anything to do with the transaction whereby the Webb group transferred control of the Association to the Lytton group. The Association made the Title Company a defendant for the sole purpose of "facilitating" the enforcement of any orders that might be made by the court with respect to the trust or the trust property.
 
 
 20
 On May 5, 1967, the Title Company moved to dismiss, as to it, the Association's second amended and supplemental complaint. Two grounds for dismissal were urged: (1) lack of jurisdiction of the subject matter and (2) failure to state a claim upon which relief can be granted. The district court granted the motion for lack of subject matter jurisdiction. The district court did not reach the Title Company's second ground for dismissal. The dismissal order accordingly provides that it is without prejudice to the renewal of the second ground at a later time.
 
 
 21
 We agree with, and the Association does not appear to dispute, the district court's ruling that the Association does not assert any claim against the Title Company with respect to which that court has subject matter jurisdiction. In its section 1464(d) (1) notice the Board did not name that company and, for this reason this statute provides no basis for jurisdiction as to the company.
 
 
 22
 The Association argues, however, that the company is a proper although not a necessary party, and invokes Rule 19(b), Federal Rules of Civil Procedure, as it then existed. That rule provided, with exceptions not here relevant, that the court shall order persons to be summoned to appear in the action who are not then parties if, although not indispensable, they ought to be parties if complete relief is to be accorded between those already parties. The rule thus had no application here since the Title Company was made a party by the Association and no party is asking the district court to summon that company to appear.
 
 
 23
 Rule 19(b) nevertheless made it clear that a person may be joined as a party for the sole purpose of making it possible to accord complete relief between those who are already parties, even though no present party asserts a grievance against such person. And if the Association had not named the Title Company as a party defendant, it could have invoked Rule 19 (b) to obtain the presence of the Title Company as a party. For these reasons we think the district court ought not to dismiss the Title Company from the action unless and until it determines, in the exercise of a sound discretion, that the presence of the Title Company as a party defendant is not necessary in order to accord complete relief between the other parties.
 
 
 24
 Reversed on both appeals.
 
 
 
 Notes:
 
 
 *
 The Honorable Ray McNichols, United States District Judge for the District of Idaho, sitting by designation
 
 
 [1]
 Subsection (d) of section 1464 has undergone revision in the 1966 Amendments to the statute, but these changes are not applicable here