UNITED STATES of America,
Plaintiff-Appellee,

Nisqually Indian Tribe and Puyallup Indian Tribe, Intervenors-Appellants,

v.

STATE OF WASHINGTON, DEPARTMENT OF FISHERIES,
Defendant-Appellee.

Nos. 76–1112 and 76–1186.

United States Court of Appeals,
Ninth Circuit.

April 24, 1978.

Alan C. Stay (argued), Sumner, Wash., Tom Schlosser (argued), Sumner, Wash., John Clinebell (argued), Tacoma, Wash., for intervenors-appellants.

James M. Johnson, Asst. Atty. Gen. (argued), Olympia, Wash., for defendant-appellee.

Before CHAMBERS and KENNEDY, Circuit Judges, and JAMESON,* District Judge.

KENNEDY, Circuit Judge:

The district court, in the issuance of orders to enforce its decree in *United States*

* Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

v. Washington, 384 F.Supp. 312 (W.D.Wash. 1974), aff'd, 520 F.2d 676 (9th Cir. 1975), cert. denied, 423 U.S. 1086, 96 S.Ct. 877, 47 L.Ed.2d 97 (1976), ruled that the pink and chinook salmon fisheries lying wholly within reservations of the Puyallup and Nisqually tribes were subject to regulation by its decrees, and that the court had jurisdiction to order the tribes to curtail on-reservation fishing when necessary to effect court orders or to preserve the salmon runs. The Puyallup and Nisqually tribes appeal that order in No. 76–1112. The State of Washington has filed a cross appeal in No. 76–1186. For reasons stated below we have determined that both appeals should be dismissed.

The Indian tribes move to dismiss their own appeal in No. 76–1112, pursuant to Federal Rule of Appellate Procedure 42(b). The State of Washington opposes the voluntary dismissal requested by the tribes, arguing that the appeal concerns a question of law that is of substantial importance to the litigation and that is likely to recur. If it appeared that an appellant sought dismissal for the purpose of evading appellate determination of certain questions in order to frustrate court orders in the continuing litigation, we might have grounds for exercising our discretion not to dismiss, although to date denials of such motions have been confined to situations in which the appellee has shown financial or other injury caused by prosecution of the appeal. Shellman v. United States Lines, Inc., 528 F.2d 675 (9th Cir. 1975), cert. denied, 425 U.S. 936, 96 S.Ct. 1668, 48 L.Ed.2d 177 (1976); Blount v. State Bank and Trust Co., 425 F.2d 266 (4th Cir. 1970); see Supreme Court Rule 60(2). None of these reasons for refusing to dismiss the appeal is implicated here. Moreover, as of the date the district court entered the order asserting its jurisdiction over the tribes, no injunctions regulating on-reservation fishing were of current effect. We are reluctant to determine an issue presented in the abstract, and we should be especially cautious of doing so when it appears that one of the parties is not willing to fully contest the issue. Accordingly, we find no basis for exercising our discretionary authority to decline to grant the appellants' motion to dismiss.

No. 76–1186 is a cross appeal by the state. It must be dismissed since the State of Washington is not a party aggrieved by the district court order and hence may not appeal from it. "[T]he successful party below has no standing to appeal from the decree . . . ." Public Service Commission v. Brashear Freight Lines, Inc., 306 U.S. 204, 206, 59 S.Ct. 480, 482, 83 L.Ed. 806 (1939) (per curiam). See New York Telephone Co. v. Maltbie, 291 U.S. 645, 54 S.Ct. 443, 78 L.Ed. 1041 (1934) (per curiam); Webb v. Beverly Hills Federal Savings and Loan Association, 364 F.2d 146 (9th Cir. 1966); Bodkin v. United States, 266 F.2d 55 (2d Cir. 1959) (per curiam) (interest of litigant in controversy solely for its effect as precedent insufficient to sustain an appeal); 9 Moore's Federal Practice ¶ 203.06, at 715–17 (2d ed. 1975).

The appeals are therefore dismissed.