654             429 Mass. 654 (1999)

John Doe, Sex Offender Registry Board No. 5350 *v.* Sex Offender Registry Board.

JOHN DOE, SEX OFFENDER REGISTRY BOARD No. 5350 *vs.* SEX OFFENDER REGISTRY BOARD.

Suffolk. May 7, 1999. - June 11, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Sex Offender. Rules of Appellate Procedure. Practice, Civil,* Motion to dismiss.

The motion of the sex offender registry board to voluntarily dismiss its own appeal under Mass. R. A. P. 29 (b) should have been granted in an action brought by a convicted sex offender, where the plaintiff had succeeded in obtaining injunctive relief from dissemination of information about himself, where the board wished to pursue the issues raised by litigating them in another case, and where no prejudice, unfairness, or waste of judicial resources would result. [655-657]

CIVIL ACTION commenced in the Superior Court Department on March 21, 1997.

Following the defendant's filing of a notice of appeal, a motion for voluntary dismissal of the appeal was heard in the Appeals Court by *Frederick L. Brown,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Gregory S. Gilman,* Assistant Attorney General, for the defendant.

*Carol A. Donovan,* Committee for Public Counsel Services, for the plaintiff.

FRIED, J. The sex offender registry board (board) appeals from an order of a single justice of the Appeals Court refusing to allow the voluntary dismissal of its appeal under Mass. R. A. P. 29 (b), as amended, 378 Mass. 943 (1979). Because the plaintiff will have the benefit of the injunction he requested and dismissal will not result in prejudice, unfairness, or a waste of judicial resources, the motion for voluntary dismissal should have been allowed.

I

John Doe no. 5350 was convicted in 1984 of rape of a child,

indecent assault and battery on a child under the age of fourteen years, and unnatural and lascivious acts, and has completed the sentence imposed on him at that time. Pursuant to G. L. c. 6, § 178E, the Sex Offender Registration Act, see *Doe* v. *Attorney Gen.*, 426 Mass. 136 (1997), the plaintiff registered as a sex offender with the police department in the town where he lives and the board classified him as a high risk or level three offender. After this court's decision in *Doe* v. *Attorney Gen.*, *supra*, the plaintiff sought a preliminary injunction precluding the board from requiring him to register under the Act,[1] and precluding any further dissemination of sex offender registration information about him until after he had been granted an individualized hearing establishing the appropriateness of that requirement as applied to him. See *id.* at 146. A judge in the Superior Court denied the requested injunction in respect to the obligation to register but granted it in respect to the dissemination of registration information. The Commonwealth appealed. Because of our remand to the Superior Court of another case under the Act, the board moved under Mass. R. A. P. 29 (b) that the Appeals Court allow the voluntary dismissal of its appeal. The board stated that, in the remanded case, it intended to offer empirical data and opinion evidence in the Superior Court supporting its contention that requiring the registration and dissemination in respect to certain categories of offenders without an individualized hearing accorded with procedural due process. The concurring opinion had suggested that possibility. *Id.* at 150 (Fried, J., concurring). In this case the board had offered no such evidence and it wished the validity of dispositions in cases such as this one to be judged in the light of that evidence. A single justice of the Appeals Court denied the motion and the board appealed. We transferred the appeal to this court on our own motion.

## II

Although we have not had occasion to discuss our rule 29, there are several cases considering F. R. A. P. 42 on which, according to the Reporters' Notes, our rule 29 is based. See Reporters' Notes to Mass. R. A. P. 29, Mass. Ann. Laws, Rules of Appellate Procedure, at 128 (Lexis 1997). See *Vyskocil* v. *Vyskocil*, 376 Mass. 137, 139 (1978) ("The Massachusetts Rules

---

[1]The Act requires annual registration as well as notification to the relevant police department whenever a registrant moves or changes employment. G. L. c. 6, § 178E (*e*) & (*f*).

of Appellate Procedure are to be given the same construction given to corresponding provisions of the Federal rules, absent compelling reasons to the contrary or significant differences in content"). These cases consider that such a motion should ordinarily be granted, see *American Auto. Mfrs. Ass'n* v. *Commissioner, Mass. Dep't of Envt'l Protection*, 31 F.3d 18, 22 (1st Cir. 1994) ("Such motions are generally granted . . ."); *HCA Health Servs. of Va.* v. *Metropolitan Life Ins. Co.*, 957 F.2d 120, 123 (4th Cir. 1992) ("An appellant's motion to voluntarily dismiss its own appeal is generally granted . . ."); and they do so for good reason. In our system a litigant is entitled to win if he is in the right; he is not entitled to litigate and obtain an appellate opinion to his liking if his adversary has no desire to oppose the relief he seeks. Thus, unless there is some unfairness or prejudice, or a dismissal would end up wasting judicial resources, such a motion should ordinarily be granted.[2] See *American Auto. Mfrs. Ass'n, supra* at 22-23; *HCA Health Servs. of Va., supra.* In this case the plaintiff will have the benefit of the injunction giving him exactly what he asked for. The board, on the other hand, wishes to pursue the general issue raised by the plaintiff in another case in the Superior Court, where it will be able to produce the empirical evidence which it believes supports its claim that registration and classification of persons convicted of certain offenses may constitutionally proceed without individualized hearings. An appeal from the instant case would force the appellate courts to consider this issue without the benefit of that evidence, and without the benefit of any counter to that evidence that persons in Doe's situation may wish to present. It is hard to see why judicial economy is served

---

[2] The circumstances under which courts might have grounds for denying motions for voluntary dismissal are not present here. For example, in *United States* v. *State Dep't of Fisheries*, 573 F.2d 1117, 1118 (9th Cir. 1978), the court stated that courts "might have grounds" for denying a motion to dismiss if the party seeking dismissal was doing so for the purpose of evading judicial review and to frustrate court orders. Here, the board is not seeking to evade review, indeed it is actively seeking review of this issue, it just asks that it be allowed to present evidence in a case currently in the Superior Court before proceeding to the appellate level. Similarly, in *Local 53, Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers* v. *Vogler*, 407 F.2d 1047, 1055 (5th Cir. 1969), the court denied a motion for voluntary dismissal because it was based on the unsound ground that the appeal was moot because the appellant was voluntarily refraining from the objected to conduct. Here, the plaintiff is protected because the board is enjoined from undertaking the contested action, it is not merely refraining voluntarily.

by forcing the appellate courts to consider the issue in a more rather than a less abstract posture. See *United States* v. *State Dep't of Fisheries*, 573 F.2d 1117, 1118 (9th Cir. 1978) (allowing voluntary dismissal stating "[w]e are reluctant to determine an issue presented in the abstract . . ."). The board's motion to dismiss its appeal should have been granted.

The case is remanded to the single justice of the Appeals Court, who is directed to allow the board's motion.

*So ordered.*