NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3640
_____

LARRY ROMSTED, On Behalf of Themselves and
All Similarly Situated Persons; MANIJEH SABA,
On Behalf of Themselves and All Other Similarly Situated,

Appellants

v.

RUTGERS, The State University of New Jersey;
ROBERT L. BARCHI, President of Rutgers, In his Official and
Individual Capacities; RICHARD L. MCCORMICK, President
Emeritus of Rutgers, in his Official and Individual Capacities;
BOARD OF TRUSTEES, AND BOARD OF GOVERNORS OF
RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 12-cv-05588)
Hon. Michael A. Shipp, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
March 25, 2014

BEFORE: FUENTES, GREENBERG, and VAN ANTWERPEN, Circuit Judges

(Filed: May 8, 2014)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

Plaintiffs-appellants, Larry Romsted and Manijeh Saba, have moved to dismiss the appeal in this case. Defendants-appellees, Rutgers University and certain individuals oppose the motion as they are seeking an order affirming the District Court's order dismissing appellants' complaint. Appellees correctly note that appellants filed their motion to dismiss the appeal virtually on the eve of the oral argument. Despite appellees' expenditure of resources necessitated to answer appellants' appeal, we will grant the motion to dismiss the appeal.

We recount appellants' factual allegations even though they are only tangentially relevant to our disposition of this appeal. On November 4, 2010, a Rutgers student group, Belief Awareness Knowledge Activism: Students United for Middle Eastern Justice ("BAKA"),[1] held an on-campus fundraiser to criticize an Israeli naval blockade of Gaza. The event sponsors focused their attention on a vessel called the U.S. Boat to Gaza, part of a flotilla of ships organized to bring humanitarian aid to Palestinians. Appellants, Romsted, a Rutgers professor, and Saba, an activist, had worked with BAKA to organize the fundraising event and helped in obtaining speakers and publicity for the event. Appellants further assisted the event's sponsors by making financial contributions to the event. The fundraiser seems to have been of modest size as the record indicates that BAKA raised approximately $3,400 from the event.

---

[1] BAKA since has changed its name to Students for Justice in Palestine. For ease of reference, we refer to the organization simply as BAKA.

Though the event did not raise a great amount of money, Rutgers was concerned about the disposition of the funds it raised because of Rutgers' policy requiring that beneficiaries of student fundraisers be tax exempt and that the funds raised be used only for lawful purposes. BAKA's initial choice for the recipient did not satisfy either requirement according to Rutgers. Consequently, BAKA distributed a notice to all persons attending the event explaining that Rutgers would hold the money raised until "the legal issues and status surrounding the beneficiary are resolved." J.A. 55. The notice also provided that if an attendee disapproved of an alternative recipient for the funds the event raised, the attendee could obtain a refund of his contribution. See J.A. 51-52 (letter from Rutgers President Richard McCormick, attached as an exhibit to the complaint). Following the event and additional correspondence between BAKA and university officials, BAKA chose a different organization to receive the funds, but the problem regarding designation of an appropriate beneficiary was not resolved as Rutgers rejected this recipient as well. J.A. 26-27

Appellants have brought this action claiming that Rutgers was using its "lawful purpose" policy as a pretext to restrict speech with which it disagrees—namely, speech that criticizes Israel and the Israeli blockade. Appellants contended that by enforcing its policy Rutgers engaged in viewpoint discrimination in violation of the First Amendment entitling them to relief under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. J.A. 27-30.

The District Court dismissed the complaint without prejudice by an order entered on July 31, 2013, as it held that appellants lacked standing and, in any event, their

3

complaint failed to state a claim on which relief could be granted. Appellants filed their appeal on August 30, 2013, and filed their brief on November 13, 2013. Appellees filed their answering brief on December 31, 2013. The briefing was completed when appellants filed a reply brief on March 21, 2014.

On March 13, 2014, less than two weeks before the case was to be argued, appellants moved under Rule 42(b) of the Federal Rules of Appellate Procedure to dismiss the appeal. Appellees oppose this motion, as they want us to decide the case on the merits and affirm the District Court's order dismissing the case. In the alternative, appellees contend that if we dismiss the appeal that we should: (1) tax costs against appellants and, (2) instruct the District Court to dismiss the action with prejudice rather than without prejudice as it has done.

Ordinarily before addressing an appeal on the merits we determine whether we have jurisdiction. In this case it was obvious even before appellants moved to dismiss the appeal, that we might not have jurisdiction because the District Court dismissed the complaint without prejudice. See Bhatla v. U.S. Capital Corp., 990 F.2d 780, 786 (3d Cir. 1993). We, however, will bypass that initial inquiry in this case because if we do not have jurisdiction we would dismiss the appeal, which we are doing anyway by granting appellants' motion.

Federal Rule of Appellate Procedure 42(b) allows a court of appeals to dismiss an appeal on an appellant's motion "on terms agreed to by the parties or fixed by the court." A court of appeals ordinarily will grant an appellant's motion to dismiss an appeal, though it may decline to do so "'in the interests of justice or fairness.'" Suntharalinkam

4

v. Keisler, 506 F.3d 822, 827 (9th Cir. 2007) (en banc) (Kozinski, J., dissenting) (quoting American Auto Mfrs. Ass'n v. Mass. Dep't of Envtl. Prot., 31 F.3d 18, 22 (1st Cir. 1994)).  We have indicated that a voluntary dismissal of an appeal on an appellant's motion "is unavailable when appellant's failure to abide by the rules of court has burdened appellee."  Matter of Penn Cent. Transp. Co., 630 F.2d 183, 189 (3d Cir. 1980).  Other courts of appeals have refused to dismiss appeals where the dismissal would "abet[] strategic behavior," such as in a case in which an institutional litigant whose interest in success in pending litigation is outweighed by its interest in future litigation.  See Suntharalinkam, 506 F.3d at 828 (Kozinski, J., dissenting) (collecting cases); Khouzam v. Ashcroft, 361 F.3d 161, 168 (2d Cir. 2004) (refusing to grant parties' joint motion to dismiss an appeal where issue on appeal was of public importance and the timing of motion (two weeks after argument) suggested that parties wanted to avoid a ruling).

Courts also have denied motions for discretionary dismissal when an appellant "sought dismissal for the purpose of evading appellate determination of certain questions in order to frustrate court orders in the continuing litigation," or when "the appellee has shown financial or other injury caused by prosecution of the appeal."  United States v. State of Wash., Dep't of Fisheries, 573 F.2d 1117, 1118 (9th Cir. 1978).  And in a case in which both parties supported dismissal of an appeal, the Court of Appeals for the Seventh Circuit nevertheless recently refused to dismiss the appeal because the case presented a common, economically significant issue so that the court regarded the appeal as providing it with an opportunity to "provide additional guidance to the district courts."

5

Americana Art China Co., Inc. v. Foxfire Printing and Packaging, Inc., 743 F.3d 243, 246 (7th Cir. 2014).

None of these special circumstances militating against a dismissal of an appeal are present here. See 16AA Charles Alan Wright & Arthur R. Miller, et al., Federal Practice & Procedure § 3988 (4th ed.) (noting that circumstances requiring a denial of a motion to voluntarily dismiss the appeal are "relatively rare given the assumptions on which the adversary system is founded"). Certainly, we would have preferred that appellants filed their motion to dismiss the appeal before appellees filed their answering brief or, at least, to have filed the motion more than two weeks before argument date so that we did not need to spend time preparing to hear the case.

Nevertheless, appellees have not pointed to any sinister motive that appellants have in moving to dismiss the appeal nor have they identified any weighty interests of justice that would lead us to deny appellants' motion. Indeed, the case appellees find most analogous to this case, Hope Clinic v. Ryan, 249 F.3d 603 (7th Cir. 2001), is actually quite different. By filing a motion to dismiss their appeal, the appellants in Hope Clinic tried to forestall the court of appeals from rendering a ruling that they believed would be adverse to them. After the court of appeals noted that the appellees did not consent to the dismissal of the appeal, it chose to resolve the appeal on the merits. But we do not discern that appellants have engaged in similar manipulative conduct. Accordingly, we will dismiss the appeal.

Appellants ask that if we dismiss the appeal we do so without taxing costs against them. Yet they do not make a convincing argument explaining why we should depart

6

from the general rule of taxing costs against appellants if an appeal is dismissed. Fed. R. App. P. 39(a)(1). See, e.g., Am. Auto. Mfrs. Ass'n, 31 F.3d at 28 ("[C]osts are routinely available whenever this court dismisses an appeal, even if the appellant moved for dismissal."). Thus, though in view of the dispute over costs we do not direct now that they be taxed, appellees may move for them in this Court and in the District Court. See Fed. R. App. P. 39(e) (listing taxable costs on appeal from the District Court).

We also point out that appellees may apply to the District Court for attorneys' fees under 42 U.S.C. § 1988(b). We, however, do not express any opinion on what the disposition should be if appellees make such an application. Finally, we deny appellees' motion seeking an order from us converting the District Court's dismissal into a dismissal with prejudice but do so without prejudice to appellees making such a motion in the District Court. Again, we express no opinion on the question of whether the District Court should grant any such motion if it is made.

The appeal will be dismissed.