## GRAMM v. FISHER.[1]

(February 18, 1892.)

APPEAL—JUDGMENTS AND FINAL ORDERS—FINDINGS BY COURT.

A finding by the court, in replevin, that plaintiff is entitled to possession of the goods and one cent damages is not reviewable under Code, § 3128, providing for the review of a "judgment," defined by section 2657 as "the final determination of the rights of the parties," and a "final" order, which, under section 3126, is one "affecting a substantial right," and which "in effect determines the action, and prevents a judgment."

Error to district court, Carbon county.

Replevin by Otto Gramm against Charles F. Fisher. There was a finding by the court in favor of plaintiff, and defendant brings error. Petition in error dismissed.

*Nellis Corthell*, for plaintiff in error.

*Lacey & Van Devanter*, for defendant in error.

MERRELL, J. There is a motion of defendant in error in this case to dismiss the proceeding, and to dismiss the petition in error, for the reason that no judgment or final order was ever made or entered in the court below. It is claimed that the proceeding in error is premature. The Code provides (section 3128) that "a judgment rendered or final order made by the district court may be reversed, vacated, or modified by the supreme court, for errors appearing in the record." A judgment is defined as follows: "A judgment is the final determination of the rights of the parties in an action; and a direction of a court or judge, made or entered in writing, and not included in a judgment, is an order." Section 2657. A final order, which may be appealed from, is defined in these words: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, is a final order, which may be vacated, modified, or reversed as provided in this chapter." Section 3126. In this case it is sought to reverse what purports to be neither an order nor a judgment. This proceeding in error is prosecuted by the plaintiff in er-

ror, by his petition in error, from findings of fact and findings of law, both by the court. These findings are not in the form of an order, and cannot be considered as constituting an order, and especially not a final order, which may be vacated by proceedings in error. They do not "determine the action and prevent a judgment." They may be sufficient to authorize a judgment, and may actually authorize a judgment; but they certainly do not prevent it. But the principal contention of plaintiff in error upon the motion to dismiss is that the findings constitute a judgment. The action is replevin. The findings of law are to the effect, among other things, that the plaintiff below (defendant in error here) was entitled to the possession of the property in controversy, and to the nominal damage of one cent. The findings are certainly not in the form of a judgment, and do not purport to be a judgment. No formal judgment was ever rendered or entered upon these findings. But it is urged that these findings of law that plaintiff below was entitled to the possession of the property and nominal damages is, in itself, a judgment. We cannot agree to this view. "A judgment is the final determination of the rights of the parties in action." These findings may be said to be a determination of the rights of the parties, but not final, until judgment is rendered and entered thereon. The best-considered cases hold that appellate proceedings are premature if instituted before the entry of the judgment, though after its rendition. (Home for Inebriates v. Kaplan, [Cal.] 24 Pac. Rep. 119;[2] Lodge v. Twell, 135 U. S. 232, 10 Sup. Ct. Rep. 745; Sweet v. Merki, 27 Ill. App. 245;) or pending a new trial, (Colchen v. Ninde, 120 Ind. 88, 22 N. E. Rep. 94; Webster v. Spindler, 36 Mo. App. 355.) The findings of fact and of law by the trial court do not constitute a judgment rendered or final order made, in the meaning of section 3128 of the Code. Therefore the proceedings in error are considered premature, and the petition in error must be dismissed. The petition in error is dismissed, and the cause is remanded.

CONAWAY and SCOTT, JJ., concur.

---

[1] Motion for reinstatement filed September 10, 1892. Argued and taken under advisement November 19, 1892.

[2] 84 Cal. 486.