think that there is properly presented for our decision any such further question as to a possible denial of equal protection of the laws. In this connection we note that, contrary to the statement quoted above from the memorandum of decision of the district court, there is at least one reported case where the Superior Court did deny a motion like that made by McGarty in the case at bar. We refer to Commonwealth v. Belenski, 1931, 276 Mass. 35, 176 N.E. 501. In that case the defendant was under indictment for murder. The report of the psychiatrists who examined the defendant in pursuance of the Briggs Law stated, as appears from the record in the case: "Only simple psychometric tests possible and are not reliable due to lack of education and limited mental grasp. Intelligence inferior but he is not definitely feeble minded * * *. His criminal responsibility is not affected * * *. There was nothing in the history to indicate any symptoms of nervous or mental disease." Court-appointed counsel for the defendant filed a motion asking to be allowed a reasonable amount to defray the expenses of an expert on mental diseases to examine the accused. The motion was denied. On appeal, the Supreme Judicial Court held that the denial of the motion was proper, the court saying, 276 Mass. at page 44, 176 N.E. at page 505: "Having been examined by impartial experts the defendant was not entitled as of right to a further examination at the public expense."

The order of the District Court is affirmed.

Arthur W. Clement and Bigham Englar Jones & Houston, all of New York City, for plaintiff-appellant.

Samuel E. Gates and Debevoise Plimpton & McLean, all of New York City, Robert von Mehren, New York City, of counsel, for defendant-appellee.

Before L. HAND, Chief Judge, and AUGUSTUS N. HAND and CLARK, Circuit Judges.

**TOBIN PACKING CO., Inc., v. NORTH AMERICAN CAR CORP. et al.**

No. 212, Docket 21945.

United States Court of Appeals Second Circuit.

Argued April 2, 1951.

Decided April 20, 1951.

PER CURIAM.

This is an appeal from an order quashing the service of a summons upon the defendant, North American Car Corporation, and dismissing the complaint as to it. The action was removed from the state court where it had been brought against that defendant and the Pennsylvania Railroad Company for damages done to two separate shipments of meat contained in refrigerator cars leased by the defendant to the plaintiff and received for carriage by the railroad. The judge who granted the order did not "direct the entry of a final judgment * * * upon an express de-

termination that there is no just reason for delay and upon an express direction for the entry of judgment." In the absence of such a determination and direction there is no final judgment, Fed.Rules Civ.Proc. rule 54(b), 28 U.S.C.A. and the appeal must be dismissed.

If the plaintiff procures from the judge the prescribed action, it may file a new appeal; and if both parties file a consent to this course, we will decide the questions raised upon the present appeal upon the record, as supplemented, and upon the briefs already filed. The judge will of course understand that our decision leaves him altogether free to make or refuse the necessary determination and direction.

Appeal dismissed.

**CARR v. BURFORD, Warden.**

No. 4215.

United States Court of Appeals Tenth Circuit.

April 3, 1951.

Glenn Carr, pro se, filed briefs.

Mac Q. Williamson, Atty. Gen., of Oklahoma, and Owen J. Watts, Asst. Atty. Gen., of Oklahoma, filed a brief for appellee.

Before BRATTON, HUXMAN, and PICKETT, Circuit Judges.

PER CURIAM.

This is an appeal from the judgment of the United States District Court for the Eastern District of Oklahoma dismissing appellant's petition for writ of habeas corpus.

On April 3, 1948, petitioner was convicted in the district court of Canadian County, Oklahoma, for violation of the Habitual Criminal Statute, 21 Okl.St.Ann. § 51, and was sentenced to serve a term of 25 years in the Oklahoma State Penitentiary. The judgment and sentence were affirmed by the Criminal Court of Appeals. Carr v. State, Okl.Cr.App., 216 P.2d 333. An unsuccessful attempt was made to have this decision reviewed by the Supreme Court of the United States. Carr v. Oklahoma, 340 U.S. 840, 71 S.Ct. 28. Habeas corpus proceedings were not instituted in the state court prior to the commencement of this action.

On the authority of Ex parte Williams, 317 U.S. 604, 63 S.Ct. 431, 87 L.Ed. 491, and Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, the judgment is affirmed.