A. E. REEVES, Jr., Appellant
(Plaintiff below),

v.

L. E. HARRIS, Appellee (Defendant below).

No. 3112.

Supreme Court of Wyoming.

April 24, 1963.

Robert Stanley Lowe, Rawlins, for appellant.

Clarence A. Brimmer, Jr., of Brimmer & Brimmer, Rawlins, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

PER CURIAM.

The complaint here contains two claims, the first a cause of action for interpretation of an ambiguous clause in a contract for the sale of appellant's partnership interest in an insurance agency, it being asserted that in computing the sum due plaintiff under the sales contract the amounts owed by him for premiums on personal insurance written by the agency had been improperly deducted from the agency's accounts receivable; the second a cause alleging a credit due plaintiff by reason of an accountant's error at the time plaintiff purchased his interest in the business.

Defendant filed motion to dismiss complaint, and, after request for admissions, interrogatories, responses, answers, and affidavits had been presented, the court entered an order on the motion, stating that it should be treated as a motion for summary judgment under Rule 12(b), W.R. C.P.; that oral and written arguments, briefs, and the filings had been considered; that the motion was overruled as to the first claim and was granted as to the second; and that a summary judgment against plaintiff be entered upon the second cause. The order failed to contain "express determination" that there was no just cause for delay, as provided by Rule 54(b), W.R. C.P., relating to judgment on multiple claims. From the order plaintiff has appealed.

At the time of oral argument, this court questioned the propriety of the appeal,

having in mind the elementary principle that the rules do not permit an appeal from a partial summary judgment, such being merely a pretrial adjudication that certain issues are deemed established for the trial of the case. E. I. Du Pont de Nemours & Company v. United States Camo Corporation, W.D.Mo., 19 F.R.D. 495, 498; 3 Barron and Holtzoff, Federal Practice and Procedure, § 1241 (1958); 6 Moore, Federal Practice, § 56.20 [4] (2 ed.). (It should be noted that Wyoming adopted the modification of Rule 54(b) recommended in the 1955 report of the Federal advisory committee on the rules of civil procedure and provided in Rule 72(a), W.R.C.P., the definition of a final order, not contained in the Federal rules.) Counsel for both litigants have now submitted supplemental briefs and request that the defect be cured by permitting the trial court to enter a nunc pro tunc order containing the "express determination" mentioned in Rule 54(b), citing Vale v. Bonnett, 89 U.S.App.D.C. 116, 191 F.2d 334, and 6 Moore, Federal Practice, §§ 54.32 and 54.41 [4] (2 ed.).

Further analysis confirms our earlier view that the order here in issue was not appealable because of noncompliance with Rule 54(b). Additionally, it did not meet the requirements of Rule 56(d), W.R.C.P.

Review of the cases and the notes of the Federal advisory committee indicates the undesirability of piecemeal appeals. If on motion under Rule 56 a judgment is not rendered on the whole of the case or for all the relief asked, procedure must be in accordance with Rule 56(d) unless the court under the provisions of Rule 54(b) makes an express determination that there is no reason for delay. Incidentally, this last mentioned requirement is real rather than perfunctory.

Under the circumstances in the instant case, there appears to be no valid reason for this court to direct or allow the issuance of any curative order by the trial court, even though there is some precedent for this. We recognize, however, that because the appealability of a case in

the status of this one has not previously been before us counsel in the instant litigation have proceeded in good faith. Accordingly, if and when an appeal is properly taken from the decision of the trial court to dismiss the second cause of action, the same may be here presented upon the existing briefs and the present record supplemented only by the inclusion of future proceedings.

Appeal dismissed.