SCHNUR & COHAN, INC., Appellant,

v.

D. L. McDONALD, t/a D. L. McDonald Construction Company, Scholl Plumbing, Heating and Air Conditioning, Inc., Lucian Dunn, t/a Dunn's Electric Service, Midland-Ross Corporation, Richmond County Industrial Development Corporation, Penn Controls, Inc., and North Carolina Natural Gas Corporation, Appellees.

No. 9182.

United States Court of Appeals Fourth Circuit.

Argued Jan. 14, 1964.

Decided Feb. 25, 1964.

**104**

Robin L. Hinson and J. D. Blount, Jr., Rockingham, N. C. (Jordan, Wright, Henson & Nichols, Greensboro, N. C., and Leath, Blount & Hinson, Rockingham, N. C., on brief), for appellant.

Fred B. Helms, Charlotte, N. C. (Helms, Mulliss, McMillan & Johnston, Charlotte, N.C., on brief), for appellee, Penn Controls, Inc.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and BARKS-DALE, District Judge.

PER CURIAM.

Appellant, the sole plaintiff below, brought its action in the District Court for the Middle District of North Carolina against several named defendants, including Penn Controls, Inc., an Indiana corporation. Penn Controls appeared specially and moved that the action be dismissed as to it for lack of proper service of process. After a full hearing on the motion, the court filed a memorandum opinion and entered an order dismissing the action as to Penn Controls. From this order the plaintiff seeks to prosecute this appeal.

■ Courts of appeals have statutory jurisdiction of appeals from all *final decisions* of the district courts of the United States. 28 U.S.C. § 1291. Notwithstanding the fact that no challenge to the jurisdiction of this court has been interposed here by any litigant, we are impelled to first determine our jurisdiction to entertain this appeal. See Douglas v. Union Carbide Corporation, 311 F. 2d 182, 185 (4th Cir. 1962).

Rule 54(b), F.R.Civ.P. provides, in pertinent part, that when multiple parties are involved the District Court may direct the entry of a *final judgment* as to one or more but fewer than all of the parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment; in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to *any* of the parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating the rights and liabilities of all the parties. The foregoing rule was modified by amendment, effective July 19, 1961, to cover situations "when multiple parties are involved" and to authorize entry of judgment as to fewer than all the "parties" only on the basis of an express determination.

■ Since the order dismissing the action as to only one of the defendants, namely, Penn Controls, did not contain an express determination that there was no just reason for delay and an express direction for the entry of final judgment

pursuant to the provisions of Rule 54(b), the order is not a final decision within the meaning of 28 U.S.C. § 1291 and is not appealable.[1]

Appeal dismissed.

---

1. Norte & Co. v. Defiance Industries, Inc., 319 F.2d 336 (2d Cir. 1963); Courembis v. Independence Avenue Drug Fair, Inc., 316 F.2d 658 (D.C.Cir. 1963); Rinker v. Local Union No. 24 of Amalgamated Lithographers, 313 F.2d 956 (3d Cir. 1963); Cook v Eizenman, 312 F.2d 134 (5th Cir. 1963); Atterbury v. Carpenter, 310 F.2d 126 (9th Cir. 1962); Miles v. City of Chandler, 297 F.2d 690 (9th Cir. 1961).