Victor A. **PERALTA**

v.

**QUAD TOOL AND DYE SUPPLY CO.,**
**Third-Party Defendant-Appellant,**

v.

**ALVA ALLEN INDUSTRIES, Third-**
**Party Defendant-Appellee.**

**No. 15859.**

United States Court of Appeals
Third Circuit.

Argued Oct. 4, 1966.

Decided Nov. 23, 1966.

Edgar E. Moss, II, Camden, N. J., for appellant.

Michael Patrick King, Camden, N. J. (Kisselman, Devine, Deighan & Montano, Camden, N. J., on the brief), for appellee.

Before FORMAN, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The appellant, Quad Tool and Dye Co. (hereinafter Quad), a New Jersey corporation, was sued in the United States District Court for the District of New Jersey by the original plaintiff, Victor A. Peralta, a Pennsylvania resident, who alleged that he was injured as a result of a defect in a machine sold to his employer through Quad. Quad served, by certified mail, a third-party complaint against the appellee, Alva Allen Industries, a Missouri corporation, charging it with negligent design of the machine and seeking indemnity and contribution in the event of a verdict against it as original defendant. The plaintiff then joined Alva Allen as a co-defendant by amended complaint served similarly.

On a motion by Alva Allen, the District Court ordered that the service of process effected upon it under the New Jersey "long-arm" statute, New Jersey R.R. 4:4–4(d), be quashed on the ground that Alva Allen had insufficient contacts with the State of New Jersey and thus the service was not consonant with due process of law. The present appeal is from this order.

Neither party raised any objection to the jurisdiction of this court; both, indeed, urged in oral argument that the matter be resolved now. Commitment, however, to rules regulating the efficient allocation of judicial resources requires a determination whether the adjudication of the District Court is properly before us. Flegenheimer v. Manitoba Sugar Co., Ltd., 182 F.2d 742 (2 Cir. 1950). We think it is not.

While an order quashing service of process is ordinarily appealable, Edwin Raphael Co. v. Maharam Fabrics Corp., 283 F.2d 310 (7 Cir. 1960); 6 Moore, Federal Practice § 54.12 (1965),

where, as here, it occurs during the course of multiparty litigation, the balance between piecemeal review and expeditious resolution of civil disputes is struck by making the appealability of the adjudication depend upon discretionary determinations of the District Court, as provided by Rule 54(b) of the Federal Rules of Civil Procedure, as follows:

"(b) *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

See 6 Moore, Federal Practice § 54.27 (1965). In the absence of express determinations by the District Court in this case that there is no just reason for delay and an express direction to enter judgment, this court has no jurisdiction to consider the merits of the appeal. Partin v. Hassan Motors, Inc., 363 F.2d 104 (6 Cir. 1966) (per curiam); Schnur & Cohan, Inc. v. McDonald, 328 F.2d 103 (4 Cir. 1964) (per curiam); Norte & Co. v. Defiance Industries, Inc., 319 F.2d 336 (2 Cir. 1963). See Boer v. Borg-Warner Corp., 364 F.2d 907 (3 Cir. 1966) (per curiam); RePass v. Vreeland, 357 F.2d 801 (3 Cir. 1966); Thompson v. Trent Maritime Co., Ltd., 343 F.2d 200 (3 Cir. 1965); Gilpin v. Sherr, 328 F.2d 884 (3 Cir. 1964) (per curiam); Funk-

hauser v. City of Newark, 312 F.2d 383 (3 Cir. 1963).

No such action having been taken by the District Court, the appeal will be dismissed without prejudice to the right of the appellant to apply to the District Court for such a determination and direction under the conditions set forth in the opinion of this court in Boer v. Borg-Warner Corp., supra.

The appeal will be dismissed for lack of jurisdiction and the action will be remanded to the United States District Court for the District of New Jersey.