WHEATLAND IRRIGATION DISTRICT, a Corporation, Appellant (Defendant below),

v.

TWO BAR–MULESHOE WATER COMPANY, Elbert L. Howe, William H. Beisner, Bernard R. McGuire, Arthur Burnett, Ellen Marie Burnett and Dora Burnett, Appellees (Plaintiffs below).

No. 3574.

Supreme Court of Wyoming.

Sept. 6, 1967.

Wm. R. Jones, of Jones & Jones, Wheatland, Bard Ferrall, of Ferrall & Bloomfield, Cheyenne, for appellant.

John J. Rooney, of Rooney & Horiskey, Cheyenne, for appellees.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This case involves a suit for specific performance of a contract entered into March 1, 1900 relative to the furnishing of irrigation water from a reservoir.

Under the contract The Swan Land and Cattle Company leased some 6,000 acres to Wyoming Development Company for such period as the lands "may be used and occupied" as the site of a reservoir for the retention and storage of water for supplying the irrigation system of Wyoming Development Company. As consideration for the use of the land, Wyoming Development Company agreed that during the term of the lease Swan, its successors and assigns, would have "the right to use throughout the irrigation season of each and every year * * * such quantity of water as may be carried and conveyed through and by means of" two particular irrigation ditches.

The two ditches referred to were the Mule Shoe Ditch and the Two Bar Ditch. The water, according to the contract, was

to be taken into these two ditches from that portion of lessee's irrigation system known as Sybille Creek. In addition, Wyoming Development Company as lessee granted to lessor and its successors the right to use throughout the irrigation season of each year such quantity of water as might be necessary for the proper irrigation of some 300 acres of land. This additional water was to be furnished and received at such point on Sybille Creek, and to be used upon such tracts, as lessor might elect.

Since the date of the contract, the lands affected by the lease agreement have by mutual agreement been reduced to 3,321.86 acres. Title to the acreage still under the lease is now held by Two Bar-Muleshoe Water Company, one of the plaintiffs in the action for performance. The individual plaintiffs are successors in interest of The Swan Land and Cattle Company, being the present owners of those lands entitled to water under the March 1, 1900 contract. These individual plaintiffs constitute all of the stockholders of Two Bar-Muleshoe Water Company.

Wheatland Irrigation District, the defendant, is successor in interest to Wyoming Development Company. As such, it uses the 3,321.86 acres under lease for storage of water of the Big Laramie River under Permit No. 1724.

The district court of Platte County found for plaintiffs and entered a purported judgment for specific performance against defendant. The issue of the amount of damages suffered by plaintiffs for past nonperformance of their contract has not been tried, the parties having stipulated the matter of damages would be decided later.

The lease agreement contained a description of the two ditches referred to and then provided it is "distinctly" understood and agreed that the quantity of water to be furnished shall be that quantity which the ditches can carry "with their present dimensions, as hereinabove stated." Thus, an intention to fix in measurable terms the maximum amounts of water to be furnished is indicated. The contract's ditch descriptions, however, dealt only with the width of the ditches at waterline, the depth of the water carried, and the fall or grade of the ditches to each mile in length. The coefficient of friction or roughness for each ditch and the width at the bottom were omitted.

In order to prevail in an action for specific performance, it would seem plaintiffs would have been obligated to adduce convincing evidence of some nature as to the quantity of water the parties intended. *Colmenero Canal Company v. Babers*, 80 Ariz. 339, 297 P.2d 927; *Ulrich v. Pateros Water Ditch Co.*, 67 Wash. 328, 121 P. 818. Such quantity should be expressed in terms consistent with current measurements by water engineers and officials (e. g., cubic feet per second) so that enforcement of any decree might be determinative rather than cause for added misunderstanding.

No reason presently occurs to us as to why evidence cannot be adduced to make explicit and definite the amount of water to which the plaintiffs are entitled, which as to the water to be carried in the Mule Shoe and Two Bar ditches might include a proper coefficient of roughness. And, if reliable and trustworthy evidence is not available to show what the true bottom widths of the ditches were at the time the contract was made, engineers ought to be able to infer from present conditions and such information as is available what slope the side banks had when the agreement was entered into— and of course from that what the bottom widths were.

However, in view of the record before us, none of these matters nor ap-

pellant's arguments[1] need now be considered. As was clearly pointed out in Reeves v. Harris, Wyo., 380 P.2d 769, 770, unless the trial court in accordance with Rule 54(b), W.R.C.P., makes an express determination that there is no just reason for delay in the entry of a final judgment as to fewer than all of the claims before the court, the judgment is not final and not subject to appeal. In fact, the trial court in this case still has jurisdiction to revise the purported judgment, which it has heretofore entered, and there is no jurisdiction for the appeal in this court. See also State ex rel. Pacific Intermountain Exp., Inc. v. District Court of Second Judicial District, Wyo., 387 P.2d 550, 552–553.

Appeal dismissed.

1. In its brief, appellant argues these points:
   (1) Only water stored under Permit 1727 in Reservoir No. 2 is involved;
   (2) If the meaning of a contract is doubtful on its face the practical construction put upon it by the parties has great weight in determining its construction;
   (3) The agreement of March 1, 1900, was merged in and supplanted by subsequent certificates of appropriation; and
   (4) Delivery of reservoir water on the call of four or five users causes great waste and that waste will not be permitted.