444 P.2d 327 (1968)
WYOMING STATE TREASURER ex rel. WORKMEN'S COMPENSATION DEPARTMENT, Appellant,
v.
Herke D. NIEZWAAG, Appellee (Employee-Claimant below),
True Drilling Company, (Employer-Defendant below).
No. 3682.
Supreme Court of Wyoming.
August 9, 1968.
*328 Joseph E. Darrah, Sp. Asst. Atty. Gen., Cheyenne, for appellant.
Thomas A. Burley, County and Pros. Atty., Douglas, for appellee.
Before HARNSBERGER, C.J., and GRAY, McINTYRE, and PARKER, JJ.
Mr. Justice GRAY delivered the opinion of the court.
During the period 1953 through the early part of the year 1957 the claimant, Herke Niezwaag, obtained an award under the Workmen's Compensation Law for temporary total disability and an award for permanent partial disability as the result of the loss of a part of a leg below the knee caused by an injury received in a covered occupation. In 1967 there was a reoccurrence of difficulty with the stump to which an artificial limb had been fitted and claimant filed an application to have his case reopened and also filed a claim for an award for further temporary total disability. The employer objected and the matter was set for hearing.
Subsequently, however, the parties and the court agreed that the objections made raised only a question of law and the matter would be so submitted. In the meantime the State Treasurer, on behalf of the Workmen's Compensation Department, also objected to the reopening of the case and the allowance of the claim. Briefs were filed and on November 24, 1967, the trial judge in a letter addressed to the attorneys and entitled "MEMORANDUM OPINION"  a copy of which was filed for record with the clerk of court  advised counsel, after discussion of the legal principles involved, that he had concluded "the application of Mr. Niezwaag must be allowed." The opinion ended with the words, "The claim will be allowed." Thereafter the State Treasurer timely filed notice of appeal "from that certain order and memorandum opinion dated the 24th day of November, 1967."
At the outset we are confronted with a question of our own jurisdiction. Even though the parties have not raised the question and have submitted the case on the merits, we are duty bound to inquire into the matter and dismiss the appeal if the record discloses a want of such jurisdiction. Big Horn Coal Co. v. Sheridan-Wyoming Coal Co., 67 Wyo. 300, 224 P.2d 172, 177.
The question is posed for the reason that although the notice of appeal in part purports to be from a "certain order" of the trial court, there is no instrument in the record in the form of an order entered by such court. Thus, we can only conclude that the within appeal is from the trial judge's memorandum opinion. We hold this cannot be done.
*329 Section 27-118, W.S. 1957 (Comp. 1967), provides in part:
"Every award within the meaning of this act is a judicial determination of the rights of the employer, the employee and the industrial accident fund as to all matters involved. Except as otherwise specifically provided in this act, the code of civil procedure [now W.R.C.P.] shall govern in matters before the courts of this state in reference to the Workmen's Compensation Laws. * * *"
Section 27-130, W.S. 1957 (Comp. 1967), provides in part:
"Any order given and made in any investigation or hearing by a court or judge, pursuant to the provisions of this act shall be reviewable by the state supreme court on proceedings in error in the manner prescribed by the code of civil procedure [Italicized portion superseded by Rules 72 through 76, W.R.C.P.] * * *"
From the foregoing it can be seen that there is contemplated as constituting "a judicial determination" by the trial court the entry of an order allowing or disallowing a claim for award. An appeal to this court in such a proceeding lies only if there is a "Final Order" as that term is defined in Rule 72(a), W.R.C.P. While there is some diversity of view in the authorities, prompted largely by differing statutory provisions or rules pertaining to the question of whether or not an appeal can be taken from a memorandum opinion of a trial judge (see Annotation, 73 A.L.R.2d, §§ 21 and 22, pp. 303-314), it has long been the rule in this jurisdiction that findings of fact and conclusions of law "not in the form of an order" cannot be considered as a final order for purposes of appeal as that term was first defined in the Code of Civil Procedure. Gramm v. Fisher, 3 Wyo. 595, 29 P. 377, 378; School Dist. No. 3, Carbon County v. Western Tube Co., 13 Wyo. 304, 80 P. 155, 159. Such statutory definition was readopted by Rule 72(a), and in the face of such long-standing precedent we can hardly be expected to give a different construction to the rule.
The memorandum opinion, as we view it, did nothing more than express the trial judge's conclusion of law, which could be changed at any time prior to the entry of an order based thereon in keeping with Rule 58, W.R.C.P. Consequently, there is nothing before us within our jurisdiction and the appeal must therefore be dismissed.
Appeal dismissed.