John J. SPRIGGS, Sr., Appellant
(Plaintiff below),

v.

PIONEER CARISSA GOLD MINES, INC., a
Wyoming corporation, and George B. Cole-
mere and Wyoming 75th Anniversary Com-
mission, a Wyoming corporation, Appellees
(Defendants below).

No. 3735.

Supreme Court of Wyoming.

April 18, 1969.

Rehearing Denied May 9, 1969.

John J. Spriggs, Sr., pro se, Lander, for appellant.

G. L. Spence, Riverton, for appellees.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

PER CURIAM.

This appeal involves Rule 54(b), W.R. C.P., relating to disposition of fewer than all of the claims presented in an action when multiple claims or multiple parties are involved. Solution to the problem requires analysis of the pertinent portions of the record.

Plaintiff, John J. Spriggs, Sr., on August 3, 1967, commenced an action against the above-named defendants in the District Court of Fremont County, Wyoming, seeking as nearly as can be ascertained from an obfuscated complaint (a) to quiet title to certain mining claims situate in said county which have been the subject matter of much litigation in the courts of this state and in the Federal courts, (b) a possessory writ of some sort, and (c) damages against the defendants Pioneer Carissa Gold Mines, Inc., hereinafter called Pioneer, and George B. Colemere alleged to have resulted from the wrongful use and occupancy of the premises, destruction of property located thereon, and slander of title.

The defendant Wyoming 75th Anniversary Commission filed an answer in the nature of a disclaimer and denied allegations of the complaint not admitted by its disclaimer. Defendant George B. Colemere moved to dismiss the complaint for lack of jurisdiction over his person. Pioneer in its separate response to the complaint moved that the complaint be dismissed for failure to state a claim upon which relief could be granted, invoking the doctrine of res judicata. It also asserted a counterclaim for damages alleged to have resulted from malicious interference by plaintiff with the use and enjoyment of its property, slander of title, for malicious prosecution, and abuse of process. Application was also made for a citation of contempt against plaintiff for abuse of process and for an order restraining plaintiff "from making any further claims or instituting any further proceedings involving, directly or indirectly, this defendant and the property in-

volved herein" and any other actions having "the effect of harassing, embarrassing, damaging or inconveniencing in any way this defendant with respect to the use and enjoyment of its said property as described in plaintiff's complaint."

In response to Pioneer's counterclaim plaintiff moved to dismiss the same on the grounds that the counterclaim failed to state facts upon which relief could be granted. Plaintiff also moved for a citation of contempt against defendant for violation of an alleged injunction theretofore issued in dockets 4182 and 4623 of said court.

Other than the motion filed by Pioneer to dismiss plaintiff's complaint and plaintiff's motion to dismiss Pioneer's counterclaim, no question was raised concerning the pleadings, and thereafter the plaintiff and Pioneer entered into a stipulation whereby it was agreed that all of the preliminary matters above described would be submitted to the district court on written briefs with leave to supplement the record if the parties so desired. No further instruments were filed by either party and on June 19, 1968, the district court entered its order disposing of the matters before it.

In substance the trial court held, on the basis of previous decisions emanating from this court, the last of which were State ex rel. Spriggs v. District Court of Seventh Judicial District in and for County of Freemont, 76 Wyo. 128, 301 P.2d 550; and Spriggs v. Pioneer Carissa Gold Mines, Inc., Wyo., 378 P.2d 238, certiorari denied 375 U.S. 855, 84 S.Ct. 117, 11 L.Ed.2d 82, rehearing denied 375 U.S. 936, 84 S.Ct. 334, 11 L.Ed.2d 268, that plaintiff's claims were barred by res judicata and ordered that plaintiff's complaint be dismissed. It was further ordered that plaintiff, his agents, servants, employees, and 'attorneys be enjoined and restrained from filing or commencing in any court of this state or in the Federal court any action claiming any right, title, or interest in and to the mining claims involved. With reference to Pioneer's motion for citation for contempt against plaintiff, the court ordered that it "be and the same is hereby denied at this time." The court also denied the motion of plaintiff to dismiss Pioneer's counterclaim and plaintiff's motion for citation of contempt against Pioneer and in this connection ordered plaintiff to file his reply to Pioneer's counterclaim within 20 days from the date of said order. Colemere's motion was also denied.

Plaintiff undertakes to appeal from that part of the order of the court (a) dismissing his complaint; (b) the issuance of the restraining order above described, which in substance was a permanent injunction rather than a temporary injunction; (c) the denial of plaintiff's motion for dismissal of Pioneer's counterclaim; and (d) the denial of plaintiff's motion for citation of contempt against Pioneer.

It is clear from the foregoing that multiple claims as well as multiple parties are involved. It is clear also that while the district court by its order adjudicated all of the matters submitted to it by the stipulation, it did not adjudicate the counterclaim of Pioneer. Such claim was retained in the district court for further proceedings.

Thus, inasmuch as the district court undertook to dispose of fewer than all of the claims asserted by the parties, plaintiff in bringing this appeal is confronted at the outset with the provisions of Rule 54(b). The rule authorizes the district court under such circumstances to direct a final judgment on any claim or claims adjudicated, but "only upon an express determination that there is no just reason for delay and upon an express direction for an entry of judgment." We have previously held that in the absence of compliance with the requirements of the rule an order or judgment disposing of fewer than all claims is not appealable. Reeves v. Harris, Wyo., 380 P.2d 769, 770; Wheatland Irrigation District v. Two Bar-Muleshoe Water Company, Wyo., 431 P.2d 257, 259. The order here entered by the district court fails to meet the express requirements of the rule and for such reason there is nothing before this court to review.

Appeal dismissed.