Stanford O. WHITEHOUSE, Appellant
(Defendant below),
and
Leo Williams (Defendant below),
v.
Thomas V. STACK, a minor, by his next friend, Vincent T. Stack, and Vincent T. Stack, Appellees (Plaintiffs below).

No. 3788.

Supreme Court of Wyoming.

Sept. 3, 1969.

Raymond B. Whitaker, Casper, for appellant.

John Burk, Casper, for appellees.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

PER CURIAM.

Plaintiffs in two causes of action sued Leo Williams, the driver, and Stanford O. Whitehouse, the owner of a car, alleging that it had been negligently driven into a vehicle operated by Thomas V. Stack and owned by Vincent T. Stack at the intersection of CY Avenue and Poplar Street in Casper on September 30, 1967. Plaintiffs claimed various personal and property damage. In a third cause of action, Thomas V. Stack sued Williams for injuries suffered by that defendant's assault on him following the accident.

The two defendants answered, denying generally, and Whitehouse filed a counterclaim against plaintiff Thomas V. Stack for malicious prosecution in that he had caused his arrest under a criminal complaint and warrant, which had thereafter been dropped.

Plaintiffs moved for summary judgment against Whitehouse on his counterclaim and shortly thereafter Whitehouse filed a motion for summary judgment "in his favor," without specifically indicating whether the same was directed toward plaintiffs' complaint with the answer thereto or his counterclaim. Following the filing of a deposition and affidavits, the court entered an order denying the motion of Whitehouse on the counterclaim. From this judgment Whitehouse has appealed.

Although the parties address themselves to certain facts disclosed in the deposition and affidavits and present some law concerning probable cause and the liability of persons charged with malicious prosecution, neither the facts nor any law which might relate to them can have any bearing upon the result of the present appeal. The record shows no disposition of the case by the trial court except as to the Whitehouse counterclaim. It is too well settled to require discussion that there can be no appeal from a judgment against one of multiple parties or from the adjudication of one of multiple claims without an express determination by the trial court as to lack of just reason for delay. Not only are the provisions of Rule 54(b), W.R.C.P., clear, but this court has spoken repeatedly on the subject.

Appeal dismissed.