**Peter AMBARIANTZ, Appellant**
**(Plaintiff below),**

v.

**Mickey CUNNINGHAM, Appellee**
**(Defendant below),**

**William F. Cioffi et al. (Defendants below).**

**No. 3780.**

Supreme Court of Wyoming.

Oct. 31, 1969.

tion of the possession of property, and an accounting. Subsequently, and prior to any disposition of the case, he moved to have some other persons joined as defendants, among them Mickey Cunningham, who thereafter filed an answer, together with an affirmative defense and counterclaim in which he denied plaintiff's right in Cunningham's property and asked that the title to an adjoining claim, Green Diamond #16, be quieted in him as against plaintiff and the other defendants. Cunningham then filed a motion for summary judgment with supporting affidavit, which motion was traversed by plaintiff. The court entered summary judgment holding that Cunningham had no right, title, or interest in and to the claims which were the subject of plaintiff's action but decreed that the plaintiff and other defendants had no right, title, or interest in and to the Green Diamond #16. From this judgment plaintiff has appealed, questioning the propriety of the summary judgment, particularly as to the sufficiency of Cunningham's affidavit.

Harold E. Meier, Lander, for appellant.

No appearance for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

PER CURIAM.

Peter Ambariantz filed a complaint against numerous defendants, seeking to quiet title to certain mining claims, restora-

The record discloses no disposition of the case by the trial court except as to Cunningham. We have repeatedly held that under the provisions of Rule 54(b), W. R.C.P., there can be no appeal from a judgment against one of multiple parties or from an adjudication of one of multiple claims without an express determination by the trial court as to the lack of just reason for delay. Accordingly, the appeal is dismissed.