Roger Noel OLMSTEAD, Appellant (Plaintiff below),

v.

CATTLE, INC., a Nevada Corporation, et al., Appellees (Defendants below).

No. 4568.

Supreme Court of Wyoming.

Oct. 6, 1975.

**50**

H. S. Harnsberger, Jr., Riverton, Lee Overfelt and Charles A. Bradley, Billings, Mont., for appellant.

C. Edward Webster, III, Cody, Joseph E. Darrah, Powell, Louis L. Walrath, Thermopolis, Richard W. Day, Cody, Richard M. Davis, Jr., Sheridan, and R. R. Bostwick, Casper, for appellees.

Before GUTHRIE, C. J., and McCLINTOCK, THOMAS, RAPER and ROSE, JJ.

THOMAS, Justice.

The appellant, Roger N. Olmstead (plaintiff in the district court), brought this action against the appellees, American Granby Company, Billings Pipe and Pump Supply Co., and State Stove and Manufacturing Company, Inc., and six other defendants seeking to recover damages for personal injuries that he sustained when an air pressure tank exploded. The appellees individually filed motions to dismiss under Rule 12(b), W.R.C.P., asserting, among other grounds, lack of jurisdiction by the court over the persons of these defendants. In separate orders the district court dismissed American Granby Company as a party defendant, dismissed the complaint as to the defendant Billings Pipe and Pump Supply Co., and dismissed the cause as to the defendant State Stove and Manufacturing Company, Inc., upon finding that these defendants did not come within the provisions of § 5-4.2, W.S.1957, 1975 Cum.Supp., which does authorize a Wyoming court to exercise personal jurisdiction over nonresident defendants in the instances defined in the statute. The appellant then filed a Notice of Appeal from the three orders of dismissal.

In this Court the appellees filed a Motion to Dismiss Appeal supported by a Memorandum. The appellant then filed a Memorandum opposing the Motion to Dismiss Appeal, and the appellees filed a Reply Memorandum in response to the appellant's Memorandum. On the basis of these pleadings the Court, without oral argument, has resolved the Motion to Dismiss Appeal in favor of the appellees.

The ground asserted for dismissal by the appellees is that the case involves multiple parties, and in the orders which were entered the district court adjudicated the rights and liabilities of fewer than all the parties, but the district court did not, in accordance with Rule 54(b), W.R.C.P., " * * * direct the entry of a final judgment as to one or more but fewer than all of the * * * parties * * * upon an express determination that there is no just

reason for delay and upon an express direction for the entry of judgment." The appellees contend that in the absence of the determination and direction required by Rule 54(b), W.R.C.P., no appeal can be taken from such orders. In opposing the Motion to Dismiss Appeal the appellant contends that orders such as these do not require an express determination that there is no just reason for delay nor an express direction for the entry of judgment because such orders are not judgments as defined in Rule 54(a), W.R.C.P., but instead are orders which meet the definition set forth in Rule 72(a), W.R.C.P. of final orders, and they are appealable as such by right under the law.

If any of these defendants were the sole defendant in the action the contention of the appellant would be well taken. This case, however, is one in which "multiple parties are involved," as set forth in the portion of Rule 54(b), W.R.C.P., which conditions the discretionary authority of the court to " * * * direct the entry of a final judgment as to one or more but fewer than all of the * * * parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

■ Historically, the reasoning which led to the adoption of Rule 54(b), W.R.C.P. is that piecemeal appeals should be avoided because of the disruption resulting in the judicial process. This court on several occasions has noticed this policy and written in support of it. *Lutheran Hospitals and Homes Society of America v. Yepsen*, Wyo., 469 P.2d 409 (1970); *Reeves v. Harris*, Wyo., 380 P.2d 769 (1963); Cf., *Logan v. Stannard*, Wyo., 439 P.2d 24 (1968). In *Reeves v. Harris, supra*, this Court, relying upon a review of the cases and the notes of the federal advisory committee, stated that they indicated the undesirability of piecemeal appeals in cases involving more than one claim for relief or multiple parties.

The second sentence of Rule 54(b), W.R.C.P., provides:

"* * * In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

This language must be read in connection with the provisions of Rule 58, W.R.C.P., which specify the event which signals the start of the 30-day period provided by Rule 73(a), W.R.C.P., during which a notice of appeal must be filed. Rule 73(a), W.R.C.P. assumes the entry of a judgment or final order as specified in Rule 58, and that event did not occur in this instance because there was neither the express determination that there is no just reason for delay nor the express direction for the entry of judgment. An order which comes within the reach of Rule 54(b) cannot be final in the sense that it determines the action and prevents judgment as those words are used in Rule 72(a), W.R.C.P., because in the language of Rule 54(b) such an order does "* * * not terminate the action as to any of the * * * parties * * *" and it then "* * * is subject to revision at any time before the entry of judgment adjudicating * * * the rights and liabilities of all the parties." The instant case cannot, in light of the second sentence of Rule 54(b), W.R.C.P., be distinguished on the ground that orders, not judgments, are involved.

The prior decisions of this court, some of which are emphatic, while not involving this precise factual situation, lead to this construction and application of Rule 54(b) in this instance. *Luthern Hospitals and Homes Society of America v. Yepsen, supra; Ambariantz v. Cunningham*, Wyo., 460 P.2d 216 (1969); *Whitehouse v. Stack,*

Wyo., 458 P.2d 100 (1969); *United Pacific Insurance Company v. Martin and Luther General Contractors, Inc.,* Wyo., 455 P.2d 664 (1969); *Spriggs v. Pioneer Carissa Gold Mines, Inc.,* Wyo., 453 P.2d 400 (1969); *Wheatland Irrigation District v. Two Bar-Muleshoe Water Company,* Wyo., 431 P.2d 257 (1967); *State ex rel. Pacific Intermountain Express, Inc. v. District Court of Second Judicial District,* Wyo., 387 P.2d 550 (1963); and *Reeves v. Harris, supra.*

Rule 54(b), W.R.C.P., is patterned after Rule 54(b), Fed.R.C.P., and the cases decided by the federal courts in such instances require or assume that the trial court must make an express determination that there is no just reason for delay and make the express direction for the entry of judgment. E. g., *Bailey v. Rowan Drilling Company, Inc.,* 441 F.2d 57 (5th Cir. 1971); *Bernardi Bros., Inc. v. Pride Manufacturing, Inc.,* 427 F.2d 297 (3rd Cir. 1970); *Dacey v. Florida Bar, Inc.,* 414 F.2d 195 (5th Cir. 1969); *Coulter v. Sears, Roebuck and Co.,* 411 F.2d 1189 (5th Cir. 1969); *Farrell v. Piedmont Aviation, Inc.,* 411 F.2d 812 (2nd Cir. 1969); *Sullivan v. Delaware River Port Authority,* 407 F.2d 58 (3rd Cir. 1969); *Beverly Hills Federal Savings and Loan Association v. Webb,* 406 F.2d 1275 (9th Cir. 1969); *Aetna Insurance Company v. Newton,* 398 F.2d 729 (3rd Cir. 1968); *Peralta v. Quad Tool and Dye Supply Co.,* 370 F.2d 103 (3rd Cir. 1966); *Schnur & Cohan, Inc., v. McDonald,* 328 F.2d 103 (4th Cir. 1964); *Rinker v. Local Union No. 24 of Amalgamated Lithographers of America,* 313 F.2d 956 (3rd Cir. 1963); *Miles v. City of Chandler,* 297 F.2d 690 (9th Cir. 1961); *Lopinsky v. Hertz Drive-Ur-Self Systems, Inc.,* 194 F.2d 422 (2nd Cir. 1961); and *Tobin Packing Co., Inc., v. North American Car Corp.,* 188 F.2d 158 (2nd Cir. 1951).

*Schnur & Cohan v. McDonald, supra,* is the case most similar in its facts to this case. The situation presented here is perhaps best explained by the court in *Peralta v. Quad Tool and Dye Supply Co., supra,* in which the court said, beginning at p. 104, 105:

"While an order quashing service of process is ordinarily appealable [citations omitted], where, as here, it occurs during the course of multiparty litigation, the balance between piecemeal review and expeditious resolution of civil disputes is struck by making the appealability of the adjudication depend upon discretionary determinations of the District Court, as provided by Rule 54(b) of the Federal Rules of Civil Procedure, * * *

\* \* \* \* \* \*

" * * * In the absence of express determination by the District Court in this case that there is no just reason for delay and an express direction to enter judgment, this court has no jurisdiction to consider the merits of the appeal. * * *"

The orders entered in the instant case related to and adjudicated the rights and liabilities of fewer than all the parties, thus bringing it within the language of Rule 54(b), W.R.C.P. In light of the foregoing discussion and authorities, and in the absence of express determinations that there is no just reason for delay and express directions for the entry of judgment in the district court's orders, the Motion to Dismiss Appeal must be granted. Unless the language required by Rule 54(b), W.R.C.P. is incorporated in it an order in an action involving multiple parties which dismisses the action as to fewer than all the defendants, for lack of jurisdiction over the dismissed defendants, is not a final order from which an appeal can be taken.

Appeal dismissed.

ROSE, Justice (dissenting).

In this case, American Granby Company, State Stove and Manufacturing Company, and Billings Pipe and Pump Supply Company were dismissed on summary judgment for the reason that the court determined

that it did not have jurisdiction over the defendants because service was not effected. The orders for summary judgment did not contain the appeal-permitting language of Rule 54(b), W.R.C.P., (pertaining to judgment upon multiple claims or involving multiple parties), which language is as follows:

> ". . . . there is no just reason for delay . . . ." (pertaining to the appellate procedure)

We have held in various cases that if the order comes within the rule of 54(b), the aforesaid language must appear in the order, if the party or parties against whom the summary order is granted are to be permitted an appeal before the remaining litigants have had the issues determined as to them. *See Reeves v. Harris,* Wyo., 380 P.2d 769, 770; *Wheatland Irrigation District v. Two Bar-Muleshoe Water Co.,* Wyo., 431 P.2d 257, 259; *Spriggs v. Pioneer Carissa Gold Mines, Inc.,* Wyo., 453 P.2d 400, 401; *Ambariantz v. Cunningham,* Wyo., 460 P.2d 216, 217; and finally *Whitehouse v. Stack,* Wyo., 458 P.2d 100.

In the last mentioned case is was said:

> ". . . It is too well settled to require discussion that there can be no appeal from a *judgment* against one of multiple parties or from the adjudication of one of multiple claims without an express determination by the trial court as to lack of just reason for delay. Not only are the provisions of Rule 54(b), W.R.C.P., clear, but this court has spoken repeatedly on the subject." [Emphasis supplied]

So far as I am concerned, this is the settled holding of this court with respect to Rule 54(b), W.R.C.P.

The problem here arises, however, out of the question of whether or not the rulings of the court on the motions are "final judgment[s]" within the concept of Rule 54(b). If they are not "final judgment[s]" then of course 54(b) does not apply. I say this for the reason that 54(b) concerns itself with an "entry of a *final judgment* as to one or more but fewer than all of the claims or parties . . . ." [Emphasis supplied]

Rule 54(a) is the definitions section and defines a judgment as contemplated by the rule, which definition is as follows:

> "A judgment is the *final determination of the rights of the parties in action.* . . . A direction of a court or judge, made or entered in writing, and not included in a judgment, is an *order.*" [Emphasis supplied] (I emphasize the word "order" because that word is used in Rule 72 in the context of what is a *"final order"* from which an appeal can be taken.) [Emphasis supplied]

Therefore the question becomes one of whether or not these rulings of the court attained the dignity of "final judgment[s]" thus requiring the appeal-permitting language of Rule 54(b). This must be decided on the basis of whether or not they are "final determination[s] of the rights of the parties." (54(a)) If these orders of dismissal do not finally determine the rights of the parties they are final "order[s]" and not "judgment[s]" within the contemplation of Rule 54.

The definition for judgment which says that a judgment is the final determination of the rights of the parties finds its genesis in *Gramm v. Fisher,* 3 Wyo. 595, 29 P. 377, where this court in 1891 said:

> "'. . . A judgment is the final determination of the rights of the parties in an action; . . . .'" (§ 2657, Revised Statutes of Wyoming 1887 [S.L. 1886, ch. 60, § 317. R.S.O., 5310])

This rule was reiterated in 1968 in *Wyoming State Treasurer v. Neizwaag,* Wyo., 444 P.2d 327, 329, where we restated the rule of *Gramm v. Fisher, supra,* and said:

> ". . . Such statutory definition was readopted by Rule 72(a), . . . ."

Is a rule of the court granting a motion for summary judgment on the grounds that the long-arm statute did not constitute service and give the court jurisdiction a:

*"final determination of the rights* of the parties in action;"? (Rule 54(a)) [Emphasis supplied]

In 46 Am Jur 2d, Judgments, § 1, p. 313, entitled, "Generally; definitions.", it is said:

"A judgment is the law's last word in a judicial controversy. . . . It may be defined as the court's official and final consideration and determination of the respective rights and obligations of the parties, as those rights and obligations presently exist, upon matters submitted to the court in an action or proceeding."

In § 3 of the· same text, page 315, the distinction is made between judgments and orders, where the text says:

" . . . . *To distinguish a judgment from an order, the test is not its designation, but whether it is a final adjudication of the cause, or a ruling on a motion, preliminary or collateral to the· final adjudication. . . ."* [Emphasis supplied]

In 49 C.J.S. Judgments § 5, pp. 29–30, under the heading, "Distinguished from Rules and Orders," it is said:

"As a general rule, judgments are to be distinguished from orders or rules; one does not include the other. . . . As distinguished from a judgment, an order is the mandate or determination of the court on some subsidiary or collateral matter arising in an action, not disposing of the merits, but adjudicating a preliminary point or directing some step in the proceedings; . . .. *A judgment, on the other hand, is the determination of the court on the issue presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties* in the particular suit with relation to the subject matter in litigation, and puts an end to the suit. The disinguishing characteristic of a jdugment is that it is final, while that of an order, when it relates to proceeding in an action, is that it is interlocutory, . . . . .

" . . . An order or rule ordinarily is not founded on the whole record in the case, but is granted on a special application to the court called a 'motion;' *the determination of such motion is an order, not a judgment. A special proceeding regularly terminates in a final order, not a judgment, although the final order in a special proceeding is in effect a judgment and is sometimes referred to as such."* [Emphasis supplied]

Under the above Wyoming authority and general text authority, as well as the actual wording of Rule 54(a), I would suggest that the order based upon the motion for summary judgment bottomed in the concept that the court did not have jurisdiction because of the long-arm statute, is an "order" and not a "judgment" and cannot be a "final judgment" under Rule 54(b). If this is true, the contention made by the movant to the effect that the court's findings and "order" do not contain an express determination that there is ·no reason for delay—becomes irrelevant and immaterial to any issue involved here and cannot formulate the grounds for a dismissal.

It seems even more clear that the court's rulings are not "final judgment[s]" when contemplated in the light of Rule 72. Rule 72 has to do with appeals and sets out what a "final order" is from which an appeal may be taken to this court.

Rule 72(a) says:

" 'Final Order' Defined. A final order is: (1) an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment; . . . .."

I would suggest that the rulings of the court on the motions in question here come clearly within the definition section of Rule 72(a), i. e., that these rulings are *orders affecting a substantial right* and they have determined the action and they have prevented a judgment. Therefore, they are appealable under the rule. The rulings, on the other hand, are not final de-

terminations by the court of the issues presented by the pleadings.

Rule 72(c), under the heading, "Review by Supreme Court," provides:

"A judgment rendered or *final order* made by the district court may be reversed in whole or in part, vacated or modified by the supreme court for errors appearing on the record." [Emphasis supplied]

I suggest that the majority opinion simply does not distinguish between a "judgment" as defined in Rule 54(a), W.R.C.P., and an "order" as conceived under the law above cited and Rule 72(a), W.R.C.P.

To designate a court's "order" a "summary judgment" doesn't make it a "judgment" under the above rules and cited law.

For the above reasons, it is my opinion that the rulings of the lower court are properly "order[s]," under Rule 72(a), and are not final "judgment[s]", under Rule 54; that the authorities cited in the majority opinion are generally inapplicable to the issue here and, therefore, the motion for dismissal of the appeal should be denied.

McCLINTOCK, J., concurring in dissent.