857 F.2d 1469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PIERCE SALES CO., INC., A Delaware Corporation, Plaintiff-Appellee,
v.
Hugh S. HUNT, a/k/a H.R. Lee, a/k/a Hugh R. Lee, Defendant-Appellant.
 No. 87-3090.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 29, 1988.
Decided: Sept. 6, 1988.
 
 Hugh S. Hunt, appellant pro se.
 Robert Lawrence Pillote, Jr. and Robert Lawrence Pillote, Sr., for appellee.
 Before JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Hugh S. Hunt seeks to appeal two orders of the district court which, when taken together, operated to grant summary judgment for appellee, Pierce Sales Co., Inc. [hereinafter "Pierce"], on a breach of contract count in an action filed by Pierce against Hunt. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Under 28 U.S.C. Sec. 1291 this Court has jurisdiction over appeals from final orders. A final order is one which disposes of all issues as to all parties. It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).
 
 
 3
 The district court's orders granting summary judgment for Pierce on its breach of contract count, one as to liability and one as to damages, were not final orders because they did not dispose of Pierce's fraud and misrepresentation claims against Hunt. See Fed.R.Civ.P. 54(b); Schnur & Cohan, Inc. v. McDonald, 328 F.2d 103 (4th Cir.1964). As the orders appealed from are not final, they are not appealable under 28 U.S.C. Sec. 1291. The district court has not directed entry of final judgment as to particular claims or parties under Fed.R.Civ.P. 54(b), nor are the orders appealable under the provisions of 28 U.S.C. Sec. 1292. Finally, the orders are not appealable under the collateral order doctrine. See Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).
 
 
 4
 Finding no basis for appellate jurisdiction, we dismiss the appeal as interlocutory.* Hunt's motion to supplement the record on appeal is denied. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 5
 DISMISSED.
 
 
 
 *
 Because of this disposition, we do not decide whether Hunt was given appropriate notice of his right to respond to the motions for summary judgment as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975)