The INTERNATIONAL MINING COMPANY, Inc., a Nevada corporation, Appellant (Plaintiff below),

v.

FAB METALS MINING, INC., a Wyoming corporation, Appellee (Defendant below).

No. 3214.

Supreme Court of Wyoming.

Aug. 12, 1964.

Daniel P. Svilar of Boyer & Svilar, Lander, for appellant.

W. A. Smith and H. S. Harnsberger, Jr., of Smith & Harnsberger, Lander, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

International Mining Company, Inc., has appealed from a judgment finding against it in connection with an alleged oral agreement for the division of profits resulting from the mining and selling of uranium ore.

A first cause of action alleged by International, as plaintiff, against FAB Metals Mining, Inc., as defendant, had to do with

a written contract under which International was to upgrade certain stockpiles of low-grade uranium ores belonging to FAB, with the profits therefrom being divided equally. Plaintiff's second cause of action alleged an oral agreement for International to mine, process and ship uranium ore from a body of ore in place and not covered by the written agreement, with profits therefrom being divided equally. An accounting is sought for all profits on the ore body in place.

The case was tried to the court without a jury and at the close of plaintiff's evidence, on motion of the defendant, the second cause of action was dismissed. The only issue before us is whether the dismissal was proper. Parties eventually settled by stipulation the amount owing on plaintiff's first cause of action.

Testimony was offered on behalf of International pertaining to a conversation between Arthur G. Dearing, president of International, and George Fairfield, president of FAB, on top of a hill in the vicinity of the ore body involved. International claims the oral agreement alleged in its second cause of action was consummated in this conversation.

However, Fairfield testified such a conversation did not take place. He said "I didn't have any agreement on top of the hill." His claim was that no conversation took place except one pertaining to the future, and to the effect if and when the stockpiles were finished, "we'd enter into a new contract."

According to Fairfield, the grade of the ore at the bottom of the hill in the stockpiles was running very low (around .05% $U_3O_8$) while the ore on top of the hill was better in grade (around .08% to .13% $U_3O_8$). For this reason, he stated, Dearing was going on top of the hill for a "trial run," and was going to try it over the weekend.

The testimony of Fairfield was corroborated by undisputed testimony and by admissions on the part of Dearing to the effect that, after two or three days of unsuccessful trial, Dearing actually moved off without attempting further to perform what he claims to have contracted for, i. e., to mine, process and ship uranium ore from on top of the hill.

■ International claims FAB subsequently mined and shipped ore from the ore body in question, and it is with respect to the subsequent operations of FAB that International wants an accounting. There is no basis for recovery on the part of International unless it sustained its burden of proving the alleged oral agreement.

■ From what we have said it is quite apparent the evidence concerning such an agreement was in conflict. We cannot under such a circumstance say the findings of the trial court were erroneous. Our decision is based entirely on a finding of substantial evidence to support the judgment of dismissal of plaintiff's second cause of action, and no citation of authority is considered necessary.

Affirmed.