Arnold B. TSCHIRGI, Executor, Will of J. M. Wade, Appellant (Defendant below),

and

R. R. Reilly *

v.

Howard C. MEYER, Appellee (Plaintiff below).

In the Matter of the ESTATE of J. M. WADE, Deceased, Arnold B. Tschirgi, Executor, Appellant (Defendant below),

v.

Howard C. MEYER, Appellee (Plaintiff below).

Nos. 4413, 4414.

Supreme Court of Wyoming.

June 5, 1975.

* Not a party to this appeal.

H. W. Del Monte, Lander, for appellant.

John R. Hursch, Riverton, for appellee.

Before GUTHRIE, C. J., and RAPER and THOMAS, JJ.

RAPER, Justice.

The frustrations of the case, No. 4413, have tried the patience of three judges of the district court, upon the open defiance and refusal of J. M. Wade, a defendant, since deceased, on numerous occasions, with what appears to be the active collaboration and advice of defendant-appellant's attorney, now the executor of decedent's estate, to submit to discovery under Rules 26 and 34, W.R.C.P.

On March 30, 1971, the plaintiff-appellee initiated a complaint in the district court against the appellants to make a full and complete accounting of an alleged partnership between the plaintiff and defendants. The claim arose out of a partnership assertedly organized in 1950 for the purpose of acquiring, holding and disposing of mining and mineral interests. The partnership office was purportedly opened some time in 1954 or 1955 when the interests of the partners in one of the mining ventures was sold for $50,000.00. It was maintained that defendant Wade was in charge of the office and any funds of the partnership were handled through an account in his name as a special or family account. The complaint went on to claim that the defendants had carried on quite a number of transactions to their personal gain and to the exclusion of the plaintiff from funds in which he asserts an interest. A detailed list of partnership mining claims was itemized in the complaint and plaintiff avers that since the operation was conducted without the benefit of his full knowledge of what had been done, he pleads that he was not in a position to make any claim in an exact amount, until such time as an accounting is made.

Numerous efforts [1] were made by plaintiff's counsel to secure an examination of

---

1. Appellee with substantial accuracy lists the chronological sequence to be: May 12, 1971, Plaintiff's deposition taken. Defendants refused discovery; January 12, 1971, Court ordered production of documents by all parties. Plaintiff complied, Defendants did not; April 18, 1972, Defendants ordered to show cause why sanctions should not be imposed against them for failure to allow discovery; May 9, 1972, Defendants produced affidavits saying they had no records to produce; July 20, 1972, new judge assigned—Order entered all parties to respond to discovery. Defendants failed to comply; October 27, 1972, Court entered another Order for Defendants to produce partnership books and records; December 13, 1972, Plaintiff attempts deposition of Defendant, Wade, . . . Records admitted to exist and in his possession. Defendant refuses to produce records; December 20, 1972, Plaintiff again attempts deposition of Defendant, Wade. Plaintiff fails to appear; January 15, 1973, Plaintiff again attempts deposition of Defendant, Wade, De-

the records in possession of Wade and to take the deposition of Wade but those efforts were evaded one way or another, even though three district judges had entered orders directing compliance. The record discloses that his attorney actively advised him not to produce records. On February 22, 1973, the plaintiff filed a motion to hold the defendant Wade in contempt and an order to show cause was entered. The defendant, J. M. Wade, died on April 8, 1973. The then attorney for the defendants was shortly thereafter appointed as executor of the Wade estate. A regular substitution of the executor for the defendant Wade was entered in the civil action.[2] On July 13, 1973, a hearing was held on the contempt citation and the executor appeared.

On August 14, 1973, the court, after a written memorandum explaining his position, entered a default judgment against the defendants, by way of sanction, as authorized by Rule 37(b)(2)(C), W.R.C.P.,[3] for failure to submit to discovery. The judgment was for an accounting and plaintiff's share of any profits or benefits when proven.[4]

■ The defendant-executor in the civil action does not appeal from the partial judgment but attempts an appeal from an order denying his motion to vacate judgment and dismiss action, entered on March 18, 1974. The judgment had been entered on August 14, 1973, and no timely appeal effort was made. The case is not yet concluded and the judgment is not appealable because it disposes of fewer than all of the claims. Whitehouse v. Stack, Wyo.1969, 458 P.2d 100; Ambariantz v. Cunningham, Wyo. 1969, 460 P.2d 216; Spriggs v. Pioneer Carissa Gold Mines, Inc., Wyo.1969, 453 P.2d 400; Wheatland Irrigation District v. Two Bar-Muleshoe Water Company, Wyo.1967, 431 P.2d 257.

■ Defendant admits that the order is not final as defined by Rule 72(a):

"A final order is: (1) an order affecting a substantial right in an action, when

---

fendant fails to appear; January 18, 1973, Plaintiff again attempts deposition of Defendant, Wade. Defendant appears, refuses to answer questions or produce documents.

2. The order was not entered until some months later but the motion to substitute was timely made.

3. Rule 37(b)(2)(C), W.R.C.P., provides that the court may impose sanctions when a party fails to obey an order to provide or permit discovery by, "An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a *judgment by default* against the disobedient party." (Emphasis supplied.)

4. The decretal portion of the judgment is in the following language:
"NOW THEREFORE, IT IS HEREBY ORDERED AND DECREED that the prayer of Plaintiff's Complaint is hereby granted, that the Defendants and each of them or their personal representatives, if deceased, are hereby ordered to make a full and complete accounting of all assets, acquisitions, property, income and expenditures including a complete accounting of all sales and exchanges of assets and the present status of such assets as acquired by said parties under the relationship existing as alleged in Plaintiff's Complaint, that the Defendants and each of them shall make a full and complete accounting to the Plaintiff of their individual receipts and benefits received from the sale or exchange of the assets named and set forth in Plaintiff's Complaint; that the business relationship heretofore existing between the said Howard C. Meyer, Plaintiff, and J. M. Wade and R. R. Reilly, Defendants, be and the same is hereby dissolved; that the Defendant J. M. Wade, or his personal representative, and the Defendant R. R. Reilly make a complete accounting to the Plaintiff of that certain bank account in the First National Bank of Lander under the caption or name of J. M. Wade, family account, or its successor account, the J. M. Wade, special account, and that the Plaintiff, Howard C. Meyer, have judgment of and from the estate of J. M. Wade and from R. R. Reilly personally for his share of any profits or benefits received by either J. M. Wade or R. R. Reilly or both of them upon it being shown by the Plaintiff the interest held by each of the respective parties in such assets; that the Plaintiff receive his costs and expenses herein incurred and ultimately determined."

such order in effect determines the action and prevents a judgment; (2) an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action, after judgment; (3) an order including a conditional order, granting a new trial on the grounds stated in Rule 59(a)(4) and (5)—if an appeal is taken from such an order, the judgment shall remain final and in effect for the purposes of appeal by another party."

The order denying the motion to vacate judgment and dismiss the action is not a final order as defined by our rule because while it may affect a substantial right in the action it does not have the effect of determining the action or preventing a judgment. Accepting the admission of the defendant as being correct, this court declines to review the civil case because no proper appeal of that case is presented.

The defendant-executor, however, claims that the action is so inexorably entwined with the probate appeal that the trial judge in making his decision in the probate proceeding relied upon the procedures taken in the court proceedings we have just described. Before going on, let us look at the probate matter.

Shortly before the time expired for filing claims in the Wade estate, the plaintiff filed an unsworn document entitled "Notice by Plaintiffs of Pendency of Action,"[5] which he asserts is a claim. The defendant-estate contends that it fails to con-form to the claim requirements of various sections of W.S.1957:

Section 2–221:

"All claims whether the same be due, not due, or contingent, must be filed or exhibited within the time limited in the notice and any claim not so filed or exhibited is barred forever; provided, however, that when it it [is] made to appear by the affidavit of the claimant, to the satisfaction of the court, or a judge thereof, that the claimant had no notice as provided in this article, by reason of being out of state, it may be filed and exhibited at any time before a decree of distribution is entered."

Section 2–222:

"Every claim which is due, when presented to the executor or administrator, must be supported by the affidavit of the claimant, or some one in his behalf, that the account is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the affiant. If the claim be not due when presented, or be contingent, the particulars of such claim must be stated. When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by the claimant. The oath may be taken before any officer authorized to administer oaths. The executor or administrator may also require satisfactory vouchers or proofs to be produced in support of the claim."

---

5. The notice is in the following language: "TO WHOM IT MAY CONCERN:

"Notice is hereby given that an action is presently pending in the District Court of Fremont County, Wyoming, wherein Howard C. Meyer is Plaintiff and J. M. Wade and R. R. Reilly are Defendants being Civil Cause No. 15412, and that in said action Judgment has been rendered on behalf of Plaintiff, however, the exact amount of the Judgment is still subject to final determination.

"That by reason thereof, Plaintiff Howard C. Meyer does hereby and will ultimately file a creditor's claim in the full amount of the Judgment when the same is finally determined, and shall be entitled to a pro-rated share of all assets of said estate remaining to pay general creditors in said estate.

"By reason thereof the undersigned claim a judgment lien against such assets remaining in said estate to pay general creditors, the exact amount to be ultimately determined in said cause. The undersigned further does hereby request that no general creditors in said estate be paid to and until such time as said Judgment and Decree rendered in the said case shall become finally determined and made a proper claim in this estate."

Section 2–229:

"If an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator, for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentation required."

After the time had expired for filing claims, Plaintiff filed in the estate matter a motion to amend creditor's claim,[6] to which was attached an affidavit reciting generally that because of absence of discovery a definite claim could not be made. The trial court, following consideration on briefs, entered an order "that the motion to amend creditor's claim is hereby allowed and such amendment may be presented to the executor at such time as Mr. Meyer is able to comply with the requirements of Section 2–222, W.S.1957, and other applicable statutes of the State of Wyoming." Made a part of the record of the cases here is a thoughtful opinion, analyzing the factual background and applying the trial court's view of applicable law. In doing so, it is obvious that he had to take judicial notice of the proceedings in the civil case and said:

"* * * With all the knowledge pertinent to the creditor's claim being without his possession there is absolutely no way in my opinion that Mr. Wade [sic but should be Meyer] could have in any manner, shape or form come anywheres near filing a creditor's claim pursuant to applicable statutes of the State of Wyo-

ming. Therefore, in my opinion, he has done what he is capable of doing in filing the notice of pendency.

"If I were to hold otherwise, where the factors necessary for the presentation of a valid claim were solely within the knowledge and possession of the decedent and the executor of the estate who repeatedly thwarted any and all attempts on the part of the alleged creditor to present a proper claim according to the statutes, would be a travesty of justice."

 In this light and while there is no appealable order in the civil case, still the record of the civil case is also essential to our disposition of the appeal in the probate matter. The appellant has brought the record to this court in an irregular fashion. It should have been incorporated in the probate appeal record, as judicially noticed material. Since the cases have been consolidated, it is before us for consideration and we use it as the trial court did in connection with the issues involved in the probate appeal.

Appellant claims the judgment is void and therefore can form no basis for claim because:

1. The executor had not been properly served with process;

2. Plaintiff's complaint, after Wade's death, failed to state a claim against executor for which relief could be granted;

3. The court lacked jurisdiction due to failure of the plaintiff to plead and prove the presentation of his claim to the executor in probate and the executor's objection of the same.

---

6. "Comes now Howard C. Meyer and alleges and moves as follows:

 "Whereas, I filed a 'Notice by Plaintiff of Pendency of Action' in the above-entitled matter, and,

 "Whereas, said Notice filed by me was intended to be a creditor's claim and was stated as such and was filed within the proper time, and,

 "Whereas, it may be proper that said Notice (and creditor's claim) be amended to state its particular circumstances,

 "I, therefore, move this Court for an order allowing such amendment, which would not change or add to the original claim already filed but which amendment would allow for a strict compliance with the applicable law. (This Motion is supported by the Affidavit appended hereto as Exhibit 'A'.)"

The appellant does not challenge the judgment because it was entered as a sanction.[7]

█ The objection to service goes to the motion for substitution of the executor of Wade's estate. Rule 25(a)(1) provides as follows:

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

Service of the motion for substitution was made by mail on June 13, 1973, upon the executor, while he was also attorney for the defendants and the motion was directed to him in both capacities. Within a motion filed by the executor he expressed an anticipation that he would be substituted. The executor now claims he should have been served by the sheriff. The "issue" is unworthy of receiving the attention of this court other than to say that service by mail was properly made on him as the attorney of record for the estate.[8] He represented himself as executor for a time. He did not withdraw as attorney until June 11, 1973, which withdrawal was not authorized by the court until July 13, 1973.[9] There is no proof of service in the file that plaintiff's counsel was served with notice of the motion to withdraw. Present counsel for the defendant-executor did not file an appearance in the case until September 11, 1973. We confine our holding in this regard to the facts of this case, recognizing that there are situations in which Rule 4

7. While we are not called upon to decide any issue in this regard, what was said in Trans World Airlines, Incorporated v. Hughes, 2 Cir., 332 F.2d 602, 614, appears to be an appropriate observation:

"* * * The sanction of judgment by default for failure to comply with discovery orders is the most severe sanction which the court may apply, and its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited. However, where one party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice, the application of even so stringent a sanction is fully justified and should not be disturbed. See Nasser v. Isthmian Lines, 2d Cir., 1964, 331 F.2d 124; Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed. 2d 734 (1962); Gill v. Stolow, 240 F.2d 669 (2 Cir. 1957)."

8. Rule 5(b) provides that:
"Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon the party shall be made by delivering a copy to him or by mailing it to him at his last

known address, or by leaving it with the clerk of the court. * * *" The court did not order service to be made in any other fashion.

9. Rule 13, Uniform Rules, District Courts, provides:
"An attorney will be considered as having appeared in a case by permitting his name to appear on any pleadings, motions, or by a written appearance in the case. An attorney, once appearing in a case, shall be considered as being in the case and representing the party or parties for whom he appears for all purposes.
"Counsel will not be permitted to withdraw from a case excepting upon court order, which will not be made until there is a showing in the file that his desire to withdraw has been transmitted to his client if reasonably possible. After motion to withdraw has been granted, counsel should, if possible, so advise his former client, including in the advice status of the case and statement to the effect that client should immediately employ counsel or judgment may be taken against him. Proof of having advised client of his withdrawal should be placed in the file by counsel."
For some reason, a later withdrawal also appears in the file.

service must be made. Rule 1, W.R.C.P., commands that the Rules " * * * shall be construed to secure the just, speedy and inexpensive determination of every action." Our holding promotes that end.

Proper service of the motion to substitute parties was made.

■ Appellant's second point is bottomed on the proposition that the action died with the defendant Wade and any burden of accounting shifted to the plaintiff pursuant to and it was his obligation to account under the provisions of § 2–146, W.S.1957,[10] providing that upon the death of a partner a duty is imposed upon the surviving partner to account to the executor. This is a novel and eyebrow-raising argument. Appellant misinterprets the totality of these statutory provisions.

The argument is somewhat overbearing and arrogant when the record shows he holds the very records necessary to account. No application has been made to the court to require plaintiff to render an account. See § 2–146. This attempted application of reverse english did not exist in Mares v. Mares, 1921, 60 Mont. 36, 199 P. 267, cited by appellant, because there it appeared that the plaintiff-partner was in possession of the partnership records and "not in position to require an accounting from the executrix of the estate of the deceased partner respecting matters presumably alone within his knowledge and control." Plaintiff here would probably be happy to account, if he had the records with which to do so. A surviving partner not in possession of partnership records

nor knowledgeable about partnership affairs is not required to account to the estate of the deceased partner to the exclusion of an accounting by the estate of the deceased partner if the executor has that capability. Decedent's management and partnership activity was not within plaintiff's knowledge. On the contrary, they were the acts of Wade and within his knowledge and the peculiar knowledge of his attorney and now executor.

In a case, later than Mares v. Mares, supra, the Montana court had this question before it—Link v. Haire, 1928, 82 Mont. 406, 267 P. 952—in which it said with respect to a statute identical to our § 2–146, W.S.1957, the obligation of a surviving partner to account in the fashion argued by the appellant is not the law and stated:

> " * * * That necessity is obviated by the statutory provision that upon the application of the executor or administrator the court or judge may, whenever it appears necessary, order the surviving partner to render an account, and, in case of neglect or refusal, may, after notice, compel it by attachment. And the statute recognizes the common-law right of the executor or administrator to maintain against the surviving partner any action which the decedent could have maintained. The reason for this latter provision is obvious. The statute in the main has reference to the powers and duties of the court sitting in probate. The law-making body, in giving jurisdiction to the probate court to act in mat-

---

10. Appellant cites the following portions of the section:

"When a partnership exists between the decedent at the time of his death, and any other person or persons, the surviving partner or partners have the right to continue in possession of the partnership and to settle its business, but the interest of the decedent in the partnership must be included in the inventory, and be appraised as other property. The surviving partner or partners must settle the affairs of the partnership without delay, and account with the executor or administrator, and pay ov-

er such balances as may, from time to time, be payable to him, in the right of the decedent. * * *
"Upon the application of the executor or administrator the court, or judge thereof, or commissioner or clerk may, whenever it appears necessary, order the surviving partner or partners to render an account, and in case of neglect or refusal may, after notice, compel it by attachment; and the executor or administrator may maintain against such surviving partner or partners any action which the decedent could have maintained."

ters which formerly were exclusively within the jurisdiction of chancery, did not leave in doubt the right of an executor or administrator to seek in courts of law or equity remedies of which the decedent might have availed himself.

"But the statute does not restrict the surviving partner's lawful activities in any way. It does not, either in letter or spirit, deprive him of any authority he had at common law, nor of the right to maintain any action or proceeding which he might have maintained if the statute had not been enacted. * * * The construction of the statute contended for by the defendant amounts to saying, 'the statute not only does not authorize the surviving partner to bring a suit in the probate court—that is, the district court sitting in the exercise of its probate jurisdiction—but it has abrogated his right to bring such a suit in any court.' The statute does not warrant that construction either by expression or implication, and, if it did, we would not hesitate to declare it unconstitutional. * * *"

On the final point, that before judgment could be taken, the plaintiff must plead and prove presentation and rejection of a claim as provided by § 2–229, it will be recalled that the judgment was entered after the death of Wade and the appointment of the executor upon a motion filed two weeks before Wade's death, in a pending case. The problem we have with this question arises from the uniqueness of the proposition, particularly where no useful purpose would be served in filing a claim. The lawsuit is continuing with no change in either the claim or the principal actors, except for Wade. This is not the usual situation where the executor may be a stranger to pending litigation. Here, the executor has been in the middle of it, from inception of the lawsuit, in a most intimate way. He is aware of the whole detail by actual notice.

Delfelder v. Farmers' State Bank, 1928, 38 Wyo. 481, 269 P. 418, reh. den. is cited by appellant. In that case, a suit on a note was pending, the defendant died, the case was revived, that is to say, the executrix was substituted as defendant but no claim was filed before taking of judgment. The district court was reversed and it was held that filing of the claim is mandatory and the reviving of the action is not a presentation of the claim as contemplated by what is now § 2–229, W.S.1957. It was decided further that the complaint (then petition) must be amended to plead presentation of the claim, and its rejection. The requirement was considered jurisdictional and of such substance that the question can even be raised for the first time on appeal. We do not consider Delfelder applicable in this case.

There are some types of litigation against a decedent's estate in which it is not necessary to file a claim before proceeding. For example, an action in ejectment is not one in which it is necessary on revivor to plead and prove a claim. Atlas Realty Company v. Rowray, 1937, 51 Wyo. 318, 65 P.2d 1122. Nor is it necessary to file a claim before proceeding in an action for specific performance against the estate of a decedent. Hawkey v. Williams, 1953, 72 Wyo. 20, 261 P.2d 48. There are other situations but these are two in Wyoming which we mention by way of illustration. Another is an action for an accounting in connection with a partnership, our immediate concern.

In Fernandez v. Garza, 1960, 88 Ariz. 214, 354 P.2d 260, the plaintiff brought suit against the administratrix of the estate of a decedent to recover money allegedly due out of a partnership between the plaintiff and defendant in existence prior to the death of the decedent. The defense was raised that the claim had not been filed with the administratrix precedent the bringing of the action and, therefore, the court below lacked any jurisdiction over the subject matter. This is essentially the same defense urged by the defendant-executor in the instant case. While the court acknowledged that in the ordinary case if the claim against an estate

is not presented in the time and manner prescribed by statute, it is barred. However, it was held that:

> * * * As to partnership assets in the hands of the administrator of a deceased partner, this court has followed the theory that they are trust funds and therefore not part of the assets of an estate; they are held not as part of the estate, but in trust for the surviving partner. [Citing cases.] No presentation of a claim is necessary and the statute of non-claims has no application."

In Sharp v. Sharp, 1919, 54 Utah 262, 180 P. 580, it was held that the contingent claims of surviving members of an unsettled partnership business against the estate of a deceased partner cannot practicably be presented under the conditions of the statutes relating to presentation of claims. Such statutes, even in providing for the presentation of "contingent claims" generally, cannot be construed as intended to have any application to claims involved in the dissolution of a partnership.

McFadden v. Jenkins, 1918, 40 N.D. 422, 169 N.W. 151, 159, involves an action for an accounting against the administrator of a deceased partner. The court held that before a claim could be filed against the estate of the deceased partner on behalf of the partnership or the other members thereof for advances made to the decedent, there would first have to be an accounting and liquidation of the partnership affairs. The court declared:

> * * * In the case at bar, until a full accounting was had, and until the partnership was fully liquidated, as a matter of law, there could be no claim against any of the partners individually for advances made or received, nor could a claim be filed against the estate of the deceased partner until there had been a full accounting or liquidation of the partnership, by which determination of the amount of the individual claim, if any could be had, and a showing that all his interest in the partnership, whether of profits or capital, had been first applied to the discharge of such obligation."

In Coleman v. Bowles, 1919, 72 Okl. 313, 181 P. 304, 305, the court said in a case in which an action for an accounting had been filed prior to the death of the decedent and appointment of his personal representative, the administratix complaining that no claim had been filed:

> "* * * The very nature of the action clearly demonstrates that the plaintiff could not consistently make the affidavit required in presenting the claim to the administratrix. In making the affidavit he would be required to swear that no payments had been made on the claim which were not credited thereon, and that there were no offsets to the same. The petition shows he was groping, as it were, in the dark; he sought for light by having the books of the partnership brought into court that the same might be inspected. The object of this action was to ascertain from the books and papers of the partnership what sum or sums were due plaintiff, if any. The petition itself discloses that, when plaintiff asks for judgment for $1,500, the amount named is purely conjectural. * * *"

The Oklahoma court did not decide the case upon the point that the filing of a claim is not necessary, but it did affirm the lower court, which so held and remarked that it would be useless to file a claim because the answer of denial could not and would not be allowed if presented. We have the same situation in the instant case. The case does demonstrate the concern over impossibility of compliance with the claim statute in an accounting action.

It follows then, that if in the trial of the lawsuit a partnership is established and that as a result of the accounting, it is found that the deceased partner is holding property, including money, of the partnership in trust, any payment that is made from funds in the possession of the executor will be made from the partnership funds under his control and not from the assets of the estate and the filing of a

claim in the estate is not necessary as a condition precedent to proceeding with the lawsuit, on revivor.

The trial judge reached the same result but by a different course [11] but with the same basic reasoning when he said in his opinion:

" * * * Examining the entire matter from the very outset the court finds that Mr. Wade [sic should be Meyer] filed a complaint on March 30, 1971, asking for an accounting of J. M. Wade and R. R. Reilly for one-third of the partnership assets and profits, if any there be. Subsequent to this Mr. Wade [sic should be Meyer] by and through his attorneys made repeated efforts to conduct discovery so as to allow them to receive the asked for accounting and be prepared to proceed with proof of his petition when the matter was called on for trial. These efforts were repeatedly, time and again, thwarted by one of the defendants, or both, or in the court's opinion at the time it granted judgment on August 10, 1973, by the now executor then attorney for the defendants, Mr. Tschirgi. Additionally, the very matters which go to the heart of the claim in question were exclusively at all times and still are as far as this court knows within the sole knowledge and possession of Mr. Reilly and Mr. Tschirgi. * * * "

The law does not require a litigant to do the impossible.

While the trial court held that an amended claim could be filed when an amount could be determined, we hold that such useless effort is not at all necessary. In an action for a partnership accounting, such as here, no claim is required and revivor of the action by substitution of parties is sufficient.

The appeal in Case No. 4413 is dismissed and the district court in Case No. 4414 is affirmed.

---

11. The trial judge decided that the notice of pendency of case was a sufficient claim for the time being, in that the plaintiff could not attach an affidavit as to the amount due or to become due, that could be supplied later and following the accounting and relied on Park County v. Blackburn, Wyo.1964, 394 P.2d 793, which we do not discuss because we arrive at the different conclusion that no claim is necessary.